Beekman and wife *vs.* Hudson.

Under a clause in a will in these words, " I ordain that my beloved wife Lanah shall have *the care of my farm* as long as she remains my widow, *for her support and maintenance,* and (that) of my children and mother," *was held* to give her an *interest* in the land *durante viduitate,* notwithstanding a subsequent clause giving the same premises to the children *in fee.*

This was an action of *ejectment for dower,* tried at the Rensselaer circuit in September, 1836, before the Hon. James Vanderpoel, then one of the circuit judges.

The dower was claimed in right of the wife, one of the plaintiff's, as the former *widow* of *Moses Van Buren,* in certain premises devised to him in and by the last will and testament of his father, *John M. Van Buren,* bearing date 18th September, 1799. The will contained the following provisions : " *First,* I ordain and direct that all my just debts and funeral charges be paid by my executors hereinafter named ; *secondly,* I ordain that my beloved wife Lanah shall have *the care of my farm* as long as she remains my widow, *for her support and maintenance* and of my children and mother ; *thirdly,* I give and bequeath unto my two daughters Catharine and Jessy and to their heirs and assigns forever, each one hundred acres of land from the east part of my land.   All the remainder of my real estate except 35½ acres adjoining, &c. [locating the premises excepted] I give and bequeath to my son *Moses* and to his heirs and assigns forever."   The testator died in 1799, leaving his mother, his wife and his three children surviving him.   His wife remains unmarried, and the defendant in this cause is in possession of the premises in which dower is claimed, under her.   The mother of the testator, after his death, was supported by his wife.   *Moses* died in 1817, shortly after coming of age.   On these facts a verdict was found for the plaintiff, subject to the opinion of this court.

*J. D. Hammond,* for the plaintiff.

*S. Stevens,* for the defendant.

Beekman *v.* Hudson.

*By the Court,* NELSON, Ch. J. If the widow of the testator took an *interest* in the farm *during her widowhood,* the plaintiff cannot recover, as her former husband was in such case not seised of an estate of inheritance, conferring the right to the immediate freehold. *Perkins,* § 340. *Park on Dow. ch.* 4, *p.* 47.

It is quite clear upon the words of the will above referred to, that the testator intended to give to the widow the exclusive possession and control of the farm, to enable her to receive the rents and profits of the same for a specified purpose, namely, the maintenance of herself and family. The provision thus made for the children during widowhood, as well as the duty imposed thereby upon the widow, seems necessarily to exclude all idea of an immediate estate in the premises going to the children. Upon any other view this clause of the will cannot possibly be carried into effect ; for if the widow of Moses is entitled to dower in his share, on the ground that an immediate estate in possession was devised which confers upon her the right to claim an assignment of dower, the two daughters are equally entitled to the possession and enjoyment of their portions. Thus the widow of the testator would be deprived not only of the care of the farm, but of the means of supporting herself and family.

The children must all have been young at the date of the will, which was shortly previous to the death of the testator, and necessarily dependent upon their mother, and it was obviously his design to place the property exclusively under her control, with a view to enable her to bring them up ; the means are therefore confided to her care, and the duty expressly enjoined. Nothing can be clearer, in my judgment, than the devise to her of the direction and management of the farm, together with the rents and profits during her widowhood. This is the plain intent and legal effect of the words ; any thing short of it would defeat the whole plan of the testator. How could she otherwise maintain herself and children during widowhood ?

In *Parker* v. *Plummer, Cro. Eliz.* 190, the words of the will were, " saving that I will that my wife shall have half the issues

and profits of the land during her life, bearing and allowing half the charges thereof," &c. The question was whether the wife had any interest in the premises, or was only to have an account of rents, &c. It was determined that she had an *interest*, for to have the *issues and profits* and the *land* were all one. So in *Kerry* v. *Derrick, Cro. Jac.* 104, the words were, "as concerning the disposition of all my lands and tenements, I bequeath the *rents* of W. to my wife for life," &c. It was held that the *land* passed ; that the words were apt enough to convey it according to the usual mode of speaking, naming the land by the rents. And in *Stewart* v. *Garnett*, 3 *Sim.* 398, Vice Chancellor Shadwell held that the "moiety of the rents, issues and profits of my estate," conveyed the fee, declaring that a devise of these was the same as a devise of the *estate* itself. See also *Rob. on Wills*, 401, 402, 529 ; 1 *Salk.* 228 ; *Ram on Wills*, 45 ; 1 *Johns. Ch. R.* 499 ; 1 *Ves.* 170, 533 ; 4 *Kent's Comm.* 536.

Judgment for the defendant.