SAFFORD *vs.* SAFFORD and others.

Where a father died seized of lands, which descended to his son subject to the mother's life estate in one third of the same as her dower, and the son afterwards died in the lifetime of his mother, leaving a widow; *Held*, that the widow of the son was not entitled to dower in that third of the premises, either during the life of the mother or after her death.

To entitle a widow to dower in real estate of which her husband died seized of a descendible interest, he must have been seized during the coverture of a present estate in possession. And where the descent is cast upon the husband subject to dower, his estate in possession in one third of the premises is suspended, by relation, from the time the descent is cast upon him; although the dower is not assigned to the doweress until after his death.

In the case of infants, if their rights in the premises appear upon the face of the master's report as to title in a partition case, the court will correct an error into which the master has fallen as to the extent of their interests in the premises, although no formal exception has been filed to the report by their guardian ad litem.

THIS was a bill for partition of a farm which formerly belonged to Levi Safford, the father of the complainant and the grandfather of the five infant defendants. The widow of L. Safford, the grandmother of the infants, was still living and entitled to dower in the premises. And it appeared from the master's report that the father of the infants died shortly after the death of their grandfather, leaving also a widow; who, according to the master's report, was also entitled to dower in the whole of the infants' interests in the premises.

*September 18.*

*H. Hamilton*, for the complainant.

*J. Porter*, guardian for the infants.

THE CHANCELLOR. The master's report as to the interest of the several parties in the premises is correct, except as to the supposed right of dower of the widow of John Safford in the interests of her infant children. To entitle the widow to dower, the husband must in his lifetime have been seized of a present estate or interest in possession in the premises. And his widow's right of dower cannot extend

to any part of the premises *as to which such present estate, or interest, did not vest in possession during the coverture.* And where the decedent takes his estate by descent from an ancestor whose widow is entitled to dower in such estate, and which she afterwards claims and has set off to her, the decedent's present estate in that part of the property is considered as suspended, by relation, from the time of the descent cast upon him; so that if he dies in the lifetime of such doweress, his own widow can never be entitled to dower in that third of the estate, even after the death of the first doweress. The maxim *dos de dote peti non debet*, applies with full force to such a case. (*Bustard's Case*, 4 *Coke's Rep.* 122 *b. Coke on Litt.* 316 *& Hale's note.*) This principle appears to have been entirely overlooked by the master and by the guardian ad litem of the infant defendants. But in a case of infants where the whole facts appear upon the face of the master's report upon the title, the error may be corrected by the court, although there has been no formal exception filed, by the guardian ad litem, to the report.

The decree must therefore declare that G. Safford is only entitled to dower in two thirds of the shares or interests of her infant children; and is not entitled to any dower, either present or future, in the other third thereof, as to which their grandmother is to be considered as tenant in dower. And the decree must direct a sale and distribution accordingly.