WILLIAM CRANDALL *v.* HOYSRADT and others.(*a*)

A testator devised his real estate to five grandsons in fee, and ordered that the eldest *should have the use and profits* of the same, *for the maintenance* of the five, till they respectively became 21 years of age, when the lands were to be equally divided between them.

The youngest grandson never received any maintenance from the premises.

*Held,* that the devise of the use and profits created no charge upon, or trust affecting the land ; and that the youngest devisee had no claim in respect of the same, against one who had purchased the undivided fifth of the premises devised to the eldest.

In partition, where the complainant causes litigation, by setting up an unfounded claim, he will be charged with the additional costs occasioned by such claim.

Albany, July 21 ; July 25, 1843.

THE bill was filed for the partition of lands held in common by the complainant and the defendant Hoysradt, and the only question in the case arose upon the complainant's claim against Hoysradt for the value of his maintenance during his minority. The complainant's grandfather, by his will, devised the premises in question to the complainant and his four brothers, in the following language :

" I will and devise unto my grandsons, Seth, Rensselaer, " John, Jacob, and William Crandall, sons of my son William, " and to their heirs and assigns forever, the remainder of all my " real estate, lying and being in Schodack, in the county of Rens- " selaer. I do also will and order, that my grandson, Seth Cran- " dall, *shall have the use and profits* of all the lands hereby " granted to him, and his four brothers, *for the maintenance of* " *them* till they respectively arrive to the age of twenty-one " years, and then to be equally divided between them."

The testator died in 1825, at which time the complainant was about five years of age, and living with his father. The latter removed to Wayne county soon after, and the complainant accompanied him, and has never received any maintenance from

(*a*) This and the five succeeding cases, were heard at a special term, held at the capitol, in the city of Albany, on the third Monday of July, 1843.

Seth, or from the premises. Seth Crandall conveyed all his interest in the premises, in 1828 ; and Hoysradt succeeded to his interest, in part in 1832, and in part in 1834, and entered into possession accordingly. He subsequently became the purchaser of the shares of John, Jacob and Rensselaer Crandall.

*J. Koon,* for the complainant.

*K. Miller,* for the defendant Hoysradt.

THE ASSISTANT VICE-CHANCELLOR.—The complainant insists, that the devise of the use and profits of the premises to Seth Crandall, was an express charge upon the land, and created a trust in favor of the four younger brothers.

I think he is mistaken in this view of the case. It is a specific devise of the land to Seth until the youngest grandson became of age. It was for the purpose of maintaining all, it is true ; but the manner of such maintenance, the sums which should be applied for each, and the times when, were entirely discretionary with Seth. No one of the grandsons had a charge or lien on the land for this maintenance. A devise in trust to apply the profits for such a purpose, is wholly different. There the legal estate passes to the trustee clothed with the trust, which forms an interest in the land itself.

In *Beekman* v. *Hudson,* (20 Wend. 53,) the devise was in these words :—" I ordain that my wife shall *have the care of* " *my farm* as long as she remains my widow, for her support " and maintenance, *and of my children* and mother." It was held to give to the wife an estate in the land, *durante viduitate,* and that no estate in possession vested in the children.

Personal bequests of the same kind are analogous, and subject to the same construction.

In *Brown* v. *Cassamajor,* (4 Vesey, 498,) a legacy of £7000 was given to H. S., the better to enable him to provide for his younger children, and it was finally to go to those children. It was held, that the interest of the £7000 belonged to the father for his own use.

In *Hammond* v. *Neame,* (1 Swanst. 35,) a bequest of stock was made in trust to pay the dividends to M. H. H., *for and towards the maintenance, support, and education of her children,* till they attained their full age, and then to be divided between them, and in default of such children, then over to other persons. M. H. H. had no child, yet it was held, that she was entitled to the dividends for life, or until she should have a child, and that child should attain the age of twenty-one years. And see *Andrews* v. *Partington,* (2 Cox's Ch. Ca. 223—per Lord Thurlow.)

These authorities satisfy me, that the complainant has no claim upon Hoysradt, or upon the land owned by him, for the value of his maintenance since the death of his grandfather, or any part of it.

It being conceded that a partition can be made, the usual decree to that end will be entered.

As to costs.—The only litigation here has grown out of an unfounded claim of the complainant, and the decree may provide that Hoysradt's costs, subsequent to his appearance, and up to the present time, be set off against that portion of the aggregate costs of the partition, which will be chargeable upon his four-fifths of the premises.(*a*)

---

(*a*) See as to the principal point, *Andrews* v. *Partington,* (2 Cox's Ch. Ca. 223;) *Abraham* v. *Alman,* (1 Russ. 509;) *Wood* v. *Richardson,* (4 Beav. 174;) *Pratt* v. *Church,* (4 Ibid. 177, note;) *Hadon* v. *Hadon,* (9 Simons, 438;) *Raikes* v. *Ward,* (1 Hare's R. 445;) *Crockett* v. *Crockett,* (1 Ibid. 451.) And for another class of cases, *Hamley* v. *Gilbert,* (Jacob, 354;) *Broad* v. *Bevan,* 1 Russ. 511, note;) *Wetherell* v. *Wilson,* (1 Keen, 80;) *Woods* v. *Woods,* (1 M. & Craig, 401;) *Leach* v. *Leach,* (7 Lond. Jur. R. 273.)