## Durando vs. Durando and others.

Where a person having a vested remainder in fee in real estate, subject to a life estate therein by another, dies before the tenant for life, leaving the latter seised of such life estate, his remainder in fee never having vested in him in possession, he is not seised, either in deed or in law, and his widow is not entitled to dower, either at common law or by statute.

APPEAL from an order made at a special term, allowing a demurrer to the complaint. The action was for the partition of land of which Paul M. P. Durando died seised.

*J. C. Buckingham,* for the appellant.

*David Thurston,* for the respondents.

*By the Court,* SUTHERLAND, J.   The only material question presented by this appeal is, whether the appellant was entitled to dower in an undivided one-eighth of the real estate of which Paul M. P. Durando died seised, and in which one-eighth her husband, Peter L. P. Durando, at the time of his death, had a vested remainder in fee.

It seems perfectly settled that the appellant was not entitled to dower in such one-eighth, because her husband never had the possession, or the right of possession. His mother, under the will of his father, Paul M. P. Durando, took a life estate in all the real estate of the testator. Peter died before his mother, leaving her seised of this life estate. As Peter's remainder in fee never vested in him in possession, he was never seised, either in deed or in law.

Seisin has been defined to be the *possession* of a freehold estate.   (3 *Litt.* § 324.   8 *N. H. Rep.* 57.   4 *Mass. Rep.* 408.) Seisin in fact or in deed, the actual possession; seisin in law, the right to the possession.

As the appellant's husband was never seised in deed or in law, she was not entitled to dower, either at common law or under our statute.   (*Co. Litt.* 31 *a.*   4 *Kent's Com.* 37. 39.

VOL. XXXII.          34

*Green* v. *Putnam,* 1 *Barb. S. C. R.* 506. *Beekman* v. *Hudson,* 20 *Wend.* 53. *Safford* v. *Safford,* 7 *Paige.* 259.)

The order of the special term should be affirmed.

[NEW YORK GENERAL TERM, September 17, 1860. *Sutherland, Ingraham* and *Bonney,* Justices.]