To entitle a widow to dower, the husband must have been seised, either in fact or in law, of an estate of inheritance in the land at some time during the coverture. This rule is inflexible. When, therefore, the husband had, previous to his death, simply a reversion in fee, or a vested remainder expectant upon an estate for life, his widow cannot be endowed. As in such a case the husband has never had either possession or any present right of possession, he cannot be said to have had a seizin of any sort, either actual or legal. It is conceded by the counsel for the appellant, that this rule applies where lands descend to the husband, subject to the right of dower of the widow of the ancestor; as if a father die intestate leaving a widow and a son, and the widow is endowed, it is not claimed that the widow of the son, in case of his death, in the lifetime of his father's widow, could ever be endowed of the lands which had been assigned for the dower of the latter. But it is insisted, that where the estate comes to the husband, not by inheritance but by purchase, the widow may be endowed, notwithstanding her husband has had only a remainder in the land.
The distinction, or rather the idea that it applies to this case, is evidently founded upon a misapprehension. It is true, that *Page 333 
where a father conveys lands to a son, subject to the contingent right of the wife of the father to dower, if the father dies, and his widow is endowed, and before her death the son dies leaving a widow, the latter, if she survive the widow of the father, is entitled to dower in the lands of which such widow had previously been endowed. But the reason is, not because there is any distinction between a vested remainder, which comes by descent, and one created by deed, but because in the case supposed, the son becomes actually seised of the estate in the lifetime of the father; and this seizin is sufficient to entitle his widow to dower, although his estate is contingent, and is defeated by the death of the father leaving a widow.
I can discover no other foundation for the position assumed by the appellant's counsel, than the inapt use by Coke of a single word in a passage which I will quote. In speaking on this subject he says: "For example, if there be grandfather, father and son, and the grandfather is seised of three acres of land in fee, and taketh wife and dieth, this land descendeth to the father who dieth either before or after entry, now is the wife of the father dowable. The father dieth, and the wife of the grandfather is endowed of one acre and dieth, the wife of the father shall be endowed only of the two acres residue, for the dower of the grandmother is paramount the title of the wife of the father, and the seizin of the father which descended to him (be it in law or actual) is defeated; and now upon the matter the father had but a reversion, expectant upon a freehold, and, in that case, dos dedote peti non debet; although the wife of the grandfather dieth leaving the father's wife. And here note a diversity between adescent and a purchase. For in the case aforesaid, if the grandfather had enfeoffed the father, or made a gift in tail unto him, then in the case above said, the wife of the father, after the decease of the grandfather's wife, should have endowed, of that part assigned to the grandmother; and the reason of this diversity is, for that the seizin, that descended after the decease of the grandfather to the father is avoided by the endowment of the grandmother, whose title was consummate by the death of the grandfather; but in *Page 334 
the case of the purchase or gift, that took effect in thelife of the grandfather (before the title of dower of the grandmother was consummate), is not defeated, but only quoad
the grandmother, and in that case there shall be dos de dote." (Coke, Litt., 31, a.b.)
The word purchase, which occurs in this paragraph, when used in contradistinction to descent, includes the obtaining of title by devise as well as by deed. But the whole reasoning of the passage quoted, shows that the effect attributed to a purchase follows only when the land is conveyed by deed. The sole reason given for the distinction is, that a purchase takes effect in the lifetime of the vendor, and the purchaser becomes at once seised of a defeasible estate; while in case of a descent, the heir is never seised of the lands assigned for dower during the life of the widow, as her title relates back in all cases to the death of the husband. Now, in this respect, there is not the slightest difference between a descent subject to dower, and a devise subject either to dower or any other life estate. In either case the freehold passes directly to the tenant of the life estate, upon the death of the ancestor or devisor, and neither the heir nor the devisee of the remainder can have any seizin until the death of such tenant.
The distinction is stated in terms perfectly accurate and precise by the Chancellor in the case of Dunham v. Osborn (1 Paige, 634); but in the subsequent case of Cregier (1 Barb. Ch., 598), he uses the word purchase as it is used by Lord Coke, and states the distinction as being between estates which came to the husband by descent, and those which came by purchase, subject to dower. This inaccuracy in the use of the word purchase, by both Lord Coke and Chancellor Walworth, is perfectly palpable; but as it has led to the bringing of so clear a case as the present to this court, it may be well to advert to and explain it. That it is this which has misled the counsel for the appellant is obvious, as he commences his citations in support of his doctrine with the Year Book (5 Edw. III, title, Voucher, 249), which appears to be the very authority upon which Lord Coke based his distinction. None of the other *Page 335 
authorities cited by the counsel have any tendency to support his position; and it is very clear that it is untenable. The precise question was decided by the Supreme Court of Massachusetts in the case of Eldridge v. Forrestal (7 Mass., 253), and inBeekman v. Hudson (20 Wend., 53), it was assumed as perfectly clear, that in such a case the widow was not entitled to dower.
There can be no pretense that the widow is entitled to the fund in question as personal estate, under the statute of distributions. The money is the product of the land taken, and must belong to the persons entitled to the land which it represents, and out of which it arose. Besides, the title had already vested in the heirs when the proceedings for extending the street were commenced, and if the widow had then no right of dower in the premises, she of course can have no right to the money even if it is to be considered as personal estate.
The judgment of the Supreme Court must be affirmed.
All the judges concurring,
Judgment affirmed.