ELLA E. McLEERY *vs.* SALLY McLEERY.

Franklin, 1874.—March 7, 1876.

*Dower.*

</div>

A father died, leaving a widow. His homestead descended to his two sons. In consideration of their having the use and income of the whole estate, the sons, in writing, promised the widow an occupancy of a portion of the premises, and certain farm stock for her use, and a certain yearly payment. Afterwards, one son conveyed to the other. The latter then conveyed the entire premises to his mother by a warrantee deed. Then he died, leaving a widow. In an action of dower by the widow of the son, against the widow of the father, *held;* 1. that the agreement between the sons and the mother, did not operate either as an assignment of dower to her, or as a release of dower by her; 2. that the condition of the senior widow, as to her own dower, is the same, essentially, as if it had been specially assigned to her; 3. that her right of dower was not extinguished by merger in the

fee conveyed to her by her son; 4 that she is not estopped by the covenants of warranty in such deed from availing herself of her right of dower in this action, inasmuch as such right was paramount to and independent of the title procured by the deed; 5. that there are two dowers in the estate; the senior widow having one-third of the whole, and the junior widow, one-third of the remaining two-thirds; and that the junior widow is not now, nor will she be at the death of the senior widow, dowable in any greater proportion thereof.

On report.

Dower.

The facts appear in the opinion.

*S. Belcher*, for the plaintiff.

*P. H. Stubbs*, for the defendant.

Peters, J.   Wm. McLeery was seized of the messuage described in the writ.   At his death, the tenant, who is his widow, became entitled to dower in it.   Subject to her right of dower, the estate descended to his two sons.   One of the sons, the husband of the demandant, acquired his brother's interest in the estate, thus owning the whole.   At his death, his widow also became entitled to dower.   Both husbands are dead, and their wives survive. Here, then, two widows are dowable in the same estate.   Their respective rights were as follows: The tenant (wife of the father), having the elder title in dower, would have for her dower one-third of the whole.   The demandant (wife of the son), being the younger widow, would have one-third of the remaining two-thirds of the estate.   Thus, the tenant would have three-ninths, and the demandant two-ninths thereof.   This result comes from the principle established in the familiar maxim of ancient origin, that "dower ought not to be sought from dower."   Nor will the junior widow be dowable in the one-third that may be assigned to the senior widow, upon the death of the latter; and for this reason. In order to recover dower, she has to count upon her husband's seizin.   But during his lifetime he had no seizin of the one-third which goes to his mother as dower.   When his mother's dower is assigned to her, she partakes seizin therein by relation from her husband, continuing his seizin, and to that extent defeating the seizin of the son, who in such one-third has only a reversion.   Had

the son received the title of the estate from his father by deed, and not by descent, the rule would be otherwise. In such case the son would have had a seizin in his lifeti me of the whole estate, sufficient to give his wife dower in the two-thirds during his mother's lifetime, and in the whole estate when the mother's title to dower ceased. *Geer* v. *Hamblin*, N. H., stated in 1 Maine, 54. *Brooks* v. *Everett*, 13 Allen, 457. Kent's Com., vol. 4, 64. See also, under appropriate heads, Wash. Real Estate and Scribner on Dower, for a more particular elucidation of the principles stated.

But the question arises, whether the demandant may not be dowable in the whole estate, instead of two-thirds thereof, upon the ground that the title of the elder widow to dower has been in some way extinguished or lost, and this is claimed by the demandant to be the case from several causes.

First. She contends that the paper given by the sons to the mother has that effect. And, upon the other hand, the tenant claims that her acceptance of the paper amounted to an assignment of her dower. But our opinion is that the agreement had neither the one effect nor the other. It neither assigned dower nor extinguished it. It was not an extinguishment of dower, because there is no release or conveyance under her hand or seal, nor does she in any way design or attempt to surrender her right. Nor could it operate as an assignment to her of her dower. A portion of the consideration to her in the agreement consists of the executory promises of the sons, which may never be fulfilled. The agreement (not signed by her), merely related to "the use and income" of her dower by the sons until set out to her. It operated only to suspend her claim for a time. *Sargent* v. *Roberts*, 34 Maine, 135. *Austin* v. *Austin*, 50 Maine, 74.

Then a question arises, whether the demandant may not have dower in the whole estate until the dower of the tenant has actually been assigned to her. It is held by text-writers, and is so decided generally, that the maxim *dos de dote peti non debet* does not apply where there has not been an actual assignment to the first widow. This is upon the principle that the husband of the second widow may be considered as seized in his lifetime of the estate charged with the right of dower of his mother, as against

all others but her. A stranger cannot avail himself of the contingency that the first widow may never enforce her right. When she does enforce it, then an assignment already made to the second widow becomes wholly defeated or diminished thereby. *Dunham* v. *Osborn*, 1 Paige, 634. *Reynolds* v. *Reynolds*, 5 Paige, 160. *Safford* v. *Safford*, 7 Paige, 259. To the same effect are the cases cited *supra*. See also *Young* v. *Tarbell*, 37 Maine, 509. But the answer to this position, is, that the rule does not apply to this case. The tenant is not a stranger. She is in possession claiming her estate of dower. Her condition is the same essentially as if a special assignment had been made to her. There is no need of a separation of her estate in dower from her estate of inheritance, for any practical purposes. She does elect to enforce her claim, by a resistance to the claim of the second widow. If the demandant should recover according to her claim, the tenant might, perhaps, have an action against her to recover a part of it back again. We think the legal rights of the parties can be as well settled in the present action as in any other way.

Then it may be argued that the tenant's right of dower has been lost by consolidation with the fee conveyed to her by her son. In *Leavitt* v. *Lamprey*, 13 Pick., 382, it was decided that a second widow was not entitled to dower in the whole of an estate against the tenant to whom the senior widow had conveyed her right after she had recovered judgment for dower therein, but before it was set off to her. While in *Atwood* v. *Atwood*, 22 Pick., 283, it was held that a prior right of dower which had been released to the tenant before any suit to enforce the same, could not be set up to diminish the claim of a second widow who claimed dower in the whole estate. But we have already expressed the opinion that in the case at bar the senior widow is in the same condition and bears the same relation with all parties interested as she would if her dower had in point of fact been set out to her. She is entitled to a life estate of one-third. She is in actual possession of it as well as of the reversion, and she is defending her possession. In this state the doctrine of merger is not favored in law or equity. It is clear enough that if this was a proceeding in equity a merger could not be regarded as taking effect. It is man-

ifestly for the interest of the tenant to keep her two titles distinct, in order that the demandant may recover no greater amount of dower than she would have been entitled to if they had continued to be held by different persons. The tendency in the courts has been to admit the application of the same principle in proceedings at law, in cases where the forms of the transfers are such that it can reasonably be effectual. The tenant having all of the estate, including her right of dower therein, may certainly be regarded as having her estate of dower as effectually as if she had recovered judgment therefor. She cannot sue herself to obtain it. She has it. Having the whole estate, she has all the parts. *Campbell* v. *Knights*, 24 Maine, 332. *Holden* v. *Pike*, *Id.*, 427. *Simonton* v. *Gray*, 34 Maine, 50. *Strong* v. *Converse*, 8 Allen, 557. *Savage* v. *Hall*, 12 Gray, 363.

The point, however, upon which the demandant places the greatest reliance and stress, is that the tenant is barred from her claim of dower, upon the technical ground of estoppel. It is contended that, by accepting from her son a deed of the premises with the usual covenants of warranty, she admitted that he was fully seized of all the premises as of fee; and, the argument is, that she is now estopped to show the contrary. In support of this view, *Lewis* v. *Meserve*, 61 Maine, 374, is cited for authority. The tenant, admitting *Lewis* v. *Meserve* to be correctly decided, denies that it can apply to a case like the one at bar. We think the distinction is well taken. That case was decided with exact correctness, having reference to the actual question then before the court for their determination. There it appeared that the tenant who resisted the claim of dower obtained *all* his title from the husband of the demandant, and there was no pretense that he had any kind or claim of title from any body else. He merely set up that some one else might have a title paramount to his. But he had no relation with it, if it was so. The court were clearly of the opinion that he was estopped to deny the seizin of his own grantor, who was the husband of the demandant in that suit. All the cases are in accord as far as that case goes. The point is there briefly alluded to, the decision of it not being really necessary to the result of the case. But the present case is a different one.

Here the tenant does claim a title of dower outside of and superior to the right and title of her grantor. She had no occasion to purchase what already belonged to her, nor is it to be supposed that there was any design by her to do so. Her grantor had already acknowledged and submitted to her superior claim. The reasonable presumption is that she paid for the premises, deducting from the price for the entire premises the value of what was already her own. It would seem hard and inequitable that the mere form of the instrument of conveyance should have the effect to deprive her of a valuable interest and right which she already possessed. Such a result was undoubtedly never dreamed of by the parties concerned when the conveyance was made. Nor does the law require it to be so. We are aware that there have been contrary decisions upon the point presented. Nor is there a satisfactory consistency upon it in the decisions of our own state. But we regard the opinion in the leading and important case of *Foster* v. *Dwinel*, 49 Maine, 44, as a settlement of the question, so far as the rights of this tenant are concerned. That case has been much commended by several text-writers since it was promulgated, and believing that the arguments and conclusions of the court therein are based upon sound logic and good sense, we see no good reason why it should not be adhered to in a state of facts like those presented in the present case. Bigelow on Estoppel, 71. 2 Scribner on Dower, 227. *Judgment for demandant for her dower in two-thirds of the premises described in the writ.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.