IN THE MATTER OF THE APPLICATION OF SARAH A. LEACH, FOR
AN ORDER FOR ADMEASUREMEMT OF DOWER, ETC., APPELLANT,
*v.* JAMES S. LEACH, RESPONDENT.

*The right of a husband to an estate as tenant by the curtesy still exists—when the widow of one of the heirs of the wife is not entitled to dower during the continuance of the said estate.*

In 1856 one Caroline Leach died, seized of certain real estate, leaving a husband and three children, all of whom have since died intestate and without issue. The petitioner was the widow of one of the said children, her husband having died in 1879, leaving his father his only heir at law. On an application by the petitioner to have dower admeasured to her in the said land :

*Held,* that on the death of Caroline Leach, her husband took an estate for life in the said property, as a tenant by the curtesy, and that his possession thereof could not be disturbed by the heirs of his wife, or by the widow of any of them.

That the fact that the father was the sole heir at law of the petitioner's husband, did not give her the right to have dower admeasured to her, as her right thereto was defeated by the death of her husband before the termination of the life estate of the father, and before any estate or interest in possession had vested in him.

APPEAL by Sarah A. Leach from an order of the Onondaga Special Term, refusing to award dower, and dismissing proceedings instituted by her for its admeasurement.

In 1852 Caroline W. Leach, the wife of James S. Leach, purchased a house and lot on South Salina street, in the city of Syracuse, and continued to reside therein with her husband, until in 1856, when she died intestate, leaving her husband and three

children her surviving. The three children have since died intestate, and without issue. One of the sons, viz., N. R. Leach, married the petitioner in August, 1878, and died in August, 1879. As his widow, she now asks to have dower in the house and lot on Salina street, owned by her husband's mother at the time of her death. It appeared that upon the death of N. R. Leach, his father, James S. Leach was his sole heir at law.

*E. A. Kingsley,* for the appellants.

*Le Roy Morgan,* for the respondent.

HARDIN, J.:

I think we ought to hold that James S. Leach, upon the death of his wife intestate, was entitled to and took an estate in her lands as a tenant by curtesy, and became entitled to enjoy the use of such land during his life free from any disturbance of his possession by her heirs or the widow of either of them. The right to the tenancy by curtesy was not taken away by the Laws of 1848 and 1849, as to property of married women, or the amendments thereof. There has been considerable conflict in the decisions upon this question, but we think the weight of authority is now clearly in favor of the views just expressed. (*Hatfield* v. *Sneden,* 54 N. Y., 280; *Matter of Winne,* 2 Lans., 21; *Burke* v. *Valentine,* 52 Barb., 412; affirmed by the Court of Appeals in 1872, 6 Alb. L. J., 167; *Barnes* v. *Underwood,* 47 N. Y., 351.) Undoubtedly a married woman may convey or devise her real estate, as though she was a *feme sole.* (*Cashman* v. *Henry,* 75 N. Y., 103; *Meeker* v. *Wright,* 76 Id., 262.)

Nor does the fact that James S. Leach was the sole heir at law of the husband of the petitioner, give her the right to have dower admeasured in the premises. The death of her husband before the termination of the life estate, before an estate or interest vested in possession, defeats her right to claim dower in the premises of which his mother died seized. (*Durando* v. *Durando,* 23 N. Y., 331; *Safford* v. *Safford,* 7 Paige, 259; *Green* v. *Putnam,* 1 Barb. 506.) Her husband was not "seized of an estate of inheritance at

any time during the marriage." (1 R. S., p. 740, tit. 3, § 1; 3 Id., 5th ed., p. 31, § 1.)

The order of the Special Term must be affirmed.

TALCOTT, P. J., and SMITH, J., concurred.

Order affirmed.