Moore, J.
The petition of the plaintiff is for the partition of certain real estate described, and making all persons interested parties.
An answer and cross-petition is filed by the defendant Re* becca S. Gabriel, who alleges in substance, that on April 27, 1843, she intermarried with one Henry Swartz. That on the 30th of November, 1845, said Henry Swartz died intestate, leaving surviving him an infant son, who died March 25, 1846. That during coverture the said Henry Swartz was seized of an estate of inheritance in the one undivided half of the lands described in the plaintiff’s petition. That the interest of said Henry Swartz was a vested remainder in fee by devise, subject *137 to the life-estate of his mother, Susannah Swartz, who died March, 1886; that said lands are now claimed by the plaintiff and the co-defendants of Mrs. Gabriel by descent from said Henry Swartz. In 1846 the answering defendant had married one James Gabriel, whose wife she now is.
The only question to be determined in the case is raised by demurrer to this answer, and is, whether Mrs. Gabriel, as the widow of Henry Swartz, is entitled to dower in the real estate sought to be partitioned, or not.
The claim made on the part of Mrs. Gabriel is, that under the statute in existence at the time of the decease of her husband, Henry Swartz, she was entitled to a dower estate in lands in which he held a reversion or remainder. That his interest was a vested remainder, and although not seized in fact, he was in law.
The statute in force at the time of the death of Henry Swartz, is found in Swan’s Statutes of 1854, page 329, and provides that the widow of any person dying shall be endowed of one full and equal third part of all the lands, tenements and real estate of which her husband was seized, as an estate of inheritance, at any time during the coverture; and she shall, in like manner, be endowed of one-third part of all the right, title, or interest that her husband, at, the time of his decease, had in any lands and tenements, held by bond, article, lease, or other evidence of claim, and she shall remain in the mansion house, free of charge, for one year after his death, if her dower be not sooner assigned her.
It will be observed that the husband must have been seized as an estate of inheritance, during the coverture, to entitle the widow to dower. Such seizin may be either in fact or in law, but it is not enough that it be á reversion or vested remainder expectant upon an estate for life.
Seizin in fact is possession with intent on the part of him who holds it to claim a freehold interest.
Seizin in law is a right of immediate possession according to the nature of the estate. (Bouvier’s Law Die.)
In Ohio no distinction is made between seizin in law and in fact. The claim made by the counsel for Mrs. Gabriel, that her husband was seized in law in a vested remainder while *138 there existed an outstanding freehold estate, not determined during coverture, is not sustained on any authority. It was but an expectancy dependent upon an outstanding freehold estate.
In the case at bar the husband never had either possession, or the present right of possession. Had he conveyed with covenants of seizin, such covenants would have been broken as soon as made.
At common law it is an essential requisite, in order that the widow be endowed, that the estate of the husband must confer a right to the' immediate freehold. Dower is not allowed in estates in remainder expectant upon an estate of freehold, and hence if the estate of the husband be subject to an outstanding freehold estate, which remains undetermined during the coverture, no right of dower attaches. Scribner on Dower, 217. To the same import is Tyler on Cov., 397; 1 Washburn Real Prop., 154; 4 Kent Com., 39.
When the husband previous to his death had only a reversion in fee, or a vested remainder expectant upon an. estate for life, his widow cannot be endowed; as in such case he has never had either possession or any right of possession, he cannot be said to have had a seizin of any sort, either actual or legal. Durango v. Durango, 23 N. Y., 331. To the §ame effect is Eldredge et al. v. Forrester and Wife, 7 Mass., 252.
This rule so well-established is not changed by the statute referred to and in operation at the time of the decease of Henry Swartz, and which remained in force until the enactment of the present statute in 1858. This latter enactment provides in addition to the former statute : That the widow shall also be endowed of all lands, tenements and real estate of which her husband, at his decease, held the fee-simple in reversion or remainder until after the termination of the life-estate.
This amendment extended the right'of the wife to dower in the estate-named in it. It certainly cannot be claimed that it put a limitation upon it. Such has not been the policy of our legislation.
It follows therefore, not only upon authority, but also upon a fair construction of the statute of 1843, that the demurrer *139 should be sustained and the cross-petition of Mrs. Gabriel be dismissed.
Qole & Cole, for Mrs. Gabriel.

J. L. Cameron, contra.