(Hamilton Co., Court of Common Pleas.)

———

CHARLOTTE E. OLIVER v. HENRY H. JONES.

———

1. Seisin in law, as well as seisin in fact, of lands owned in fee by the husband during coverture, is suffiient to endow his widow, not otherwise barred; but for seisin in law there must be a *right of immediate* possession.

2. Where the husband was vested in a remainder estate, subject to a life estate in another in being, during his coverture, he had no right of immediate possession, was not seized thereof, and if he conveyed the same by his sole deed during coverture, his widow was not entitled to dower therein.

3. Perpetual leasehold estates are not estates of inheritance within the meaning of the dower act; they are as yet treated as fee-simple estates only in being subject to judgment liens and execution as provided in the act of 1821 (sec. 5374, etc.), and in matters of descent and distribution under the act of 1837 (sec. 4181).

———

BUCHWALTER, J.

This cause is submitted upon an agreed statement of facts, the controlling points of which are:

That Emanuel Preston was the owner of a perpetual leasehold (99 years, renewable forever) estate in lot 111, Lane Seminary Subdivision, Walnut Hills, this county, January 25, 1856, at which time his first wife, Sarah Preston, obtained a decree of divorce and alimony, in which the court decreed to her for the support of herself and their infant children five hundred dollars and a life interest in said leasehold estate, subject to the conditions thereof. That she took possession under said decree.

That July 8, 1856, said Emanuel Preston married Priscilla Ayers, and April 18, 1861, conveyed his remaining title in said premises to his divorced wife, Sarah, by deed, in which his second wife, Priscilla, did not join.

Emanuel Preston died December 13, 1878. Sarah Preston conveyed her life interest to the defendant, Jones, August 20, 1890, and died September 4, 1893.

Priscilla Preston, as widow, conveyed all her title to plaintiff Oliver, December 16, 1889, and is yet living.

Has the plaintiff, and did Priscilla Preston have any dower in said estate? It is quite clear that in any event such dower right did not accrue as against the life interest decreed to the first wife, Sarah, prior to her death, September 4, 1893.

The right of dower is fixed by the law in force at the date of her husband's death, in 1878. The law then provided that "A widow shall be endowed of one-third part of all the lands, tenements and real estate of which her husband *was seized as an estate of inheritance at any time during coverture*, and all lands, tenements and real estate of which her husband at his decease held the fee-simple in remainder or reversion. She shall in like manner be endowed of one-third part of all the right, title or interest that her husband, at the time of his decease, had in any lands and tenements held by bond, article, lease or other evidence of claim * * * but

dower shall not be assigned to any widow in any lands, tenements or real estate of which her husband at his decease held the fee-simple in reversion or remainder, *until after the termination of the prior estate.*" Sec. 4188 (as per R. S. of 1880). Being the act of January, 1823 (1824), amended March 27, 1858.

Emanuel Preston did not own any title or interest in this lot *at the time of his death,* but did have a *vested* interest in the remainder title of a perpetual leasehold during coverture by his second marriage; and our inquiry is two-fold: 1. *Was he seized of such perpetual leasehold estate?* 2. *Was it an estate of inheritance within the meaning of the dower act?*

"To constitute seisin *in fact,* there must be an *actual possession* of the land;

"For a seisin *in law* there must be a *right of immediate possession.*" * * * Washburn, Vol. 1, p. 62.

Seisin in fact is not required, seisin in law is sufficient, but there must be seisin of one kind or other during the coverture. Williams on Real Estate, pp. 368, 728, citing Coke on Litt. 31a.

After the divorced wife, Sarah, was put in possession under the decree in alimony, she held it in law, as well as in fact, to the exclusion of her former husband, as he had *no right of immediate* possession for any purpose (she having life tenure subject to the conditions of the lease, which she, and not the husband was to perform). The vested right of the husband in the remainder without seisin is not enough.

"If a man seized in fee of one acre, lease it to a stranger for life, and after takes a wife and lessor dies, his wife shall not have dower of this land." Scribner on Dower, p. 256, citing Perkins, sec. 374.

"Dower does not attach to a mere reversion or a remainder expectant after a freehold in another." Schouler on Husband and Wife, sec. 448.

In Eldridge et al. v. Forrestol et al., 7 Mass. 253, a life interest was given by devise, with remainder to another. The remainder man died leaving a widow, during the being of the life tenant, and it was held: the widow had no dower for the reason that "An actual corporeal seisin or a right to such seisin in the husband during coverture, is necessary to entitle the widow to dower, and that a legal seisin of a vested remainder is not sufficient.

The same proposition is maintained in Blood v. Blood, 23 Pickering, 80; Walmarth , Bridges, 113 Mass. 407; Dunham v. Osborn, 1 Paige, 633; Safford v. Safford, 7 Paige, 259; Leach v. Leach, 21 Hun. 381; Durango v. Durango, 23 N. Y. 331; Kado v. Souber, 16 Abb. Pr., N. S. 287; Houston v. Smith, 88 N. C. 311; Jackson v. Jacob, 11 Bush, K. B. 646.

In Apple et al. v. Apple et al., 1 Head (Tenn.) 348, it was held "actual seisin not necessary, seisin in law sufficient; but the freehold and the inheritance must be consolidated in the husband during the mar-

riage to render the wife dowable." And where the remainder man, vested during coverture of one hundred and fifty acres, died during the being of the life tenant, his widow was not entitled to dower, because the husband was not seized of the estate during the term of the life tenant.

In Watkins v. Thornton, 11 Ohio St. 367, it was held that a right of curtesy estate did not exist where the wife held a vested remainder, subject to a life estate undetermined during the coverture.

In Wood v. Phillips et al., 2 C. C. 136, the court held that under the same statute a widow is not dowable in the lands of which her husband had but a vested remainder in fee at the time of his death, and in which the freehold estate had not then terminated.

Was the perpetual leasehold estate an estate of inheritance within the meaning of the dower act? The question has been answered in the negative by the Superior Court (Judge O'Conner), in Abbott v. Bosworth, 2 Bull. 92 (affirmed on other grounds in 36 Ohio St. 605; and in Campmann v. Schaaf, 7 Bull. 159, by the District Court of Hamilton county, where it was held that the wife need not join her husband in his deed of a perpetual leasehold estate in order to pass a good title to the grantee, for that she would not have dower therein. The rule of law and the reasons given therefor in these cases stand unreversed. Our Supreme Court has never decided this question. It is true general terms were used by the judge in Loving v. Melindy et al., 11 Ohio, 355, implying that for all purposes permanent leasehold estates were to be treated in Ohio as estates in fee-simple; but this is conceded to be obiter dictum, and is disavowed in Lessee of Boyd v. Talbot, 12 Ohio. 212, and in Bank v Roosa et al., 13 Ohio, 361. See also Taylor v. De Buss, 31 Ohio St. 468.

This case especially declares that sec. 5374, etc., Revised Statutes (the act of 1821), making perpetual leaseholds subject to judgment lien and execution the same as real estate, and section 4181, Revised Statutes (act of 1837), making them subject to the same laws of descent and distribution as estates in fee, are exceptions to the common law rule treating all leaseholds as chattels.

For these reasons the judgment must be for the defendant, and this cause dismissed at plaintiff's costs.

Cohen & Mack, for plaintiff.

Matthews & Cleveland, for defendant.