STEWART v. CRYSLER et al.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

1. WILLS—LIFE ESTATES—REMAINDER—INSUFFICIENCY OF PERSONALTY—CHARGE ON REALTY.

Where a legacy was to be paid to a son on termination of a life estate, and thereafter the property was to be equally divided among the children, and it was fairly inferable from testator's age, and his death during the same year, that his financial situation did not materially change between the making of his will and his death, when his personal property was found insufficient to pay debts and legacies to be paid before the commencement of the life estate, such son was entitled to be paid such legacy from the real estate before its division, and it became a charge thereon; hence a conveyance of the shares therein of the other children before termination of the life estate was subject to the payment of such legacy.

2. SAME—DOWER—OUTSTANDING LIFE ESTATE.

Where a son, entitled to a share in the remainder in lands on termination of a life estate therein, died before its termination, his widow was not entitled to dower in such share.

Appeal from special term.

Partition by Robert D. Stewart against Eva Crysler and another, as administrators of the estate of Morris A. Lindsley, deceased, impleaded with another. From an interlocutory judgment in favor of the plaintiff, the administrators appeal. Reversed.

Argued before PARKER, P. J., and EDWARDS, MERWIN, SMITH, and KELLOGG, JJ.

Homer Weston, for appellants.

C. Carskaddan, for respondent.

MERWIN, J. This action was brought in 1898 for the partition of a farm of about 70 acres, owned by Alden Lindsley at the time of his death, in 1876. He left a widow, Mary Lindsley, and four children, Charles E., Albert W., Morris A., and Ida M., his only heirs at law. He left a will, which was duly admitted to probate on December 26, 1876, and letters testamentary issued to Mary Lindsley and Morris A. Lindsley, executors therein named. By this will, after the payment of debts, the testator gave legacies to the amount of $850. He then gave to his wife, Mary Lindsley, the use, during her life, of all the rest, residue, and remainder of his personal and real estate, and at her death he gave to his daughter Ida $500, to his son Morris A. $500, and all the rest and residue of his estate he gave to his four children, to be divided equally between them. There has been no judicial settlement of the estate of Alden Lindsley. An inventory was filed in March, 1877, showing assets to the amount of $497. Morris A. Lindsley died in September, 1881, leaving, him surviving, his widow, the defendant Eva Crysler, and as his only heir at law the defendant Morris Lindsley, who was born February 25, 1882. On April 1, 1882, Mary Lindsley, Charles E. Lindsley, Albert W. Lindsley, and Ida M. Lindsley, described as the "widow and heirs at law and legatees of Alden Lindsley," executed and delivered to T. F. Hand, Jr., as guardian of Robert D. Stewart, a mortgage upon the premises described in the complaint, to secure the payment of the sum of $2,000 according to the condition of a bond that day executed and delivered by Mary, Charles E., and Ida M. This bond and mortgage were afterwards assigned to the plaintiff. The mortgage was foreclosed, judgment of foreclosure being entered on January 11, 1894, and upon a sale thereon the plaintiff became the purchaser of the premises, the deed to him being dated April 3, 1894. Mary Lindsley died in 1896.

In the complaint it is alleged that Alden Lindsley, being the owner of the premises, died leaving a will, in and by which, after some money bequests, he gave to his wife the use of the rest and residue during her life, and after her death gave the property to the four children in equal parts. The death of Morris A. leaving a widow and a son subsequently born, the appointment of the defendants Eva Crysler and Homer Weston as administrators of his estate, the giving of the bond and mortgage, the foreclosure and the sale to plaintiff, are also alleged. It is stated that the plaintiff, upon the purchase, became seised in fee of an undivided three-fourths of the premises, and of all rights and interests therein which, under the will, were covered and conveyed by the mortgage; that, upon the death of Mary Lindsley, the defendant Morris Lindsley, by descent from Morris A., became seised in fee of such undivided interest as may have been included in the rest and residue given in the residuary clause of the will, and not covered and conveyed by the mortgage, which undivided interest was subject to the dower right of the defendant Eva Crysler. The demand for relief was in the usual form.

The defendants Crysler and Weston, as administrators, put in an answer claiming, among other things, that the legacy of $500 payable to Morris A. Lindsley upon the death of Mary Lindsley has not been paid, and that they are entitled to have it paid from the real estate as a lien prior to the rights of plaintiff. The court, in its decision, made findings of fact and law. As matter of law it found that the plaintiff is the owner in fee of an undivided three-fourths of the premises, and "of all the rights and equities in and to said premises held by said mortgagors under said will at the time of the execution of said mortgage"; that the defendant Morris Lindsley is the holder of the title of an undivided one-fourth of the premises, subject to the rights and equities of the plaintiff, above referred to, and that this undivided fourth is subject to the dower right of the defendant Eva, as widow of Morris A. Lindsley. A sale was ordered, and the interlocutory judgment appealed from was entered.

There is no finding of what the rights and equities are that the plaintiff has in addition to the undivided three-fourths of the premises. There is no reservation of any questions to be thereafter determined. The complaint does not state what rights the administrators of Morris A. Lindsley had or claimed in the property. This, however, is supplied by their answer, and they had a right to have their claim either determined or reserved for future consideration in the case. Not being reserved or allowed, we must assume that it was passed upon adversely to the administrators, and that it was in effect held that the legacy was not a charge on the real estate. This, we think, was error. The intention of the testator must govern, and that may be determined from the provisions of the will and the surrounding circumstances. McCorn v. McCorn, 100 N. Y. 511, 513, 3 N. E. 480. The will was made in February, 1875, with a codicil made in August, 1876. The testator died that fall, and his personal property consisted of farming stock and tools and farm products. After providing for the payment of debts and certain legacies which exceeded the amount of the personal property, he gave to his wife a life estate in the rest, residue, and remainder, and at her death gave the legacy in question, together with another of equal amount. "All the rest and residue of my said estate" he gave to his four children in equal parts. He was at the age of 66 years when the will was made, and the fair inference is that his financial situation then did not materially differ from what it was at his death. Evidently the two legacies payable after the death of his wife were mockeries, unless chargeable upon the real estate. We think the intention was that they should be so charged. In re James, 80 Hun, 371, 30 N. Y. Supp. 1.

But it is claimed by the plaintiff, in substance, that the moneys raised upon the mortgage were applied to the payment of debts and legacies that were also a charge on the real estate, and that in this way the three-fourths interest covered by the mortgage has paid its full share. What the equities of the plaintiff in this regard are we cannot here determine. They do not seem to have been determined by the court below; and the facts upon that subject were not made clear upon the trial. That matter can be better adjusted upon a

new trial, when the facts may be more fully developed. It follows that a new trial must be ordered.

It may be observed that, under the will in question, Mary Lindsley had a life estate which had not terminated at the death of Morris A. Lindsley, and that the provision in the decree that the defendant Crysler is entitled to dower in the share of the defendant Morris Lindsley does not seem to be in accordance with the authorities. Durando v. Durando, 23 N. Y. 331; House v. Jackson, 50 N. Y. 165; 2 Kerr, Real Prop. § 987. The guardian of Morris Lindsley did not appear at the trial.

Judgment reversed, and new trial granted; costs to abide the event. All concur.