GREENLEAF M. WOODBURY, Appellant, v. MARK M. AIKIN, Appellee.

APPEAL FROM PEORIA.

A sold to B certain premises, and gave a deed, with covenants for quiet enjoyment and against incumbrances, and took a mortgage upon the same premises, to secure the purchase-money. At the same time there was a judgment existing against A, which was a lien on the premises conveyed, and under which they were sold to C, and ultimately conveyed to him. C, on the same day that he took a deed from the sheriff, executed a deed of release and quitclaim to B, C being at the same time the holder of the mortgage from B to A:—

*Held*, that C could not foreclose this mortgage on the premises of B.

THIS was a bill in chancery, filed in the Peoria Circuit Court, February, 1851, by Aikin against Woodbury and James Carroll, to foreclose a mortgage on three hundred and twenty acres of land in Peoria county, which was dated December 24, 1840, executed by Woodbury to Aikin to secure the payment of five hundred dollars, to be paid October 1, 1841, with seven per cent. interest, being recited in the mortgage as the purchase-money of said land.

The answer of Woodbury shows that on the day of the date of the mortgage, Aikin executed and delivered to the appellant a warranty-deed for the same premises, which deed contains covenants of seizin against incumbrances, full power to sell and convey, and for quiet enjoyment, in the usual form, and this deed was the consideration for which the mortgage was executed. The answer denies indebtedness by means of said mortgage, for the reason that Woodbury acquired no title to the premises conveyed; that certain persons by the name of McClellan and Miller recovered judgment against Aikin and one Bestor jointly for the sum of $560.37 and costs, which was, at the execution of said deed from Aikin to Woodbury, a valid lien on

said premises, on which judgment an execution was duly issued, by virtue of which the said premises were sold to Onslow Peters on July 20, 1846, for the sum of $200. No redemption was made from said sale, and the sheriff executed a deed to said Peters on 1st February, 1850. On 10th March, 1848, Woodbury contracted with said Peters for the same land for $225.

On the 1st February, 1850, said Peters conveyed the land to Woodbury for $225, and interest at seven per cent. from date of contract; and Woodbury sold the premises to one Carroll; that at the time Peters conveyed to Woodbury, he was also the owner of the mortgage from Woodbury to Aikin, given to secure the original purchase-money for the premises at the time of the conveyance from Aikin; and that this mortgage is prosecuted for the use and benefit of Peters. The case was submitted upon bill, answer, and exhibits, without other testimony.

At March term, 1852, KELLOGG, Judge, decreed, that Woodbury and Carroll should pay Aikin what was due on the mortgage to him, after deducting what had been paid Peters to remove the incumbrance of his judgment. From this decree Woodbury appealed, and brings the cause to this court.

H. O. MERRIMAN, for appellant.

O. PETERS, for appellee.

CATON, J. This suit was heard upon bill, answer, and exhibits, no replication having been filed. For the purposes of this decision, the statements of the answer are considered as true.

The facts shown by the answer are these: That in 1840 Woodbury purchased of Aikin the premises in question, and took a deed with covenants for quiet enjoyment, against incumbrances, &c., and gave back a mortgage upon the premises to secure the purchase-money. At the time of the conveyance of the premises to Woodbury, there was a judgment existing against Aikin, which was a lien on the premises, and under which they were sold to Peters in 1845, and from which sale they were never redeemed; but in 1850 the purchaser took a sheriff's deed; that in 1848 Peters contracted to sell the land to Woodbury, who paid him the price agreed upon therefor, and on the same

day that Peters received the sheriff's deed he executed to Woodbury a deed of release and quitclaim to the premises; that at the time of the execution of this deed, Peters was the owner of this mortgage, the same having been previously transferred to him, and that is now sought to be foreclosed for his own use and benefit.

We shall not stop to inquire, whether, had Aikin continued the owner of the mortgage, Woodbury would have had a right to buy in the title acquired by Peters, which had utterly destroyed the title which he had acquired from Aikin, and to hold the new title, as his grantor did, discharged from the mortgage. Upon this record that question does not necessarily arise. In Peters's hands were united the greater and the lesser estates, which ordinarily, though not always, is held to merge the lesser. As, however, the legal estate which Peters acquired under the sheriff's sale was paramount to, and discharged from, the mortgage, I am not prepared to say that the doctrine of merger would apply, especially if he acquired an assignment of the mortgage, after the time for redemption from the sheriff's sale had expired. But, waiving that question, we have no doubt that the mortgage was extinguished by the transfer made by Peters to Woodbury. At the time of that transfer, Peters held the absolute legal title and also the mortgage. By his deed, Peters "remised, released, conveyed, and quitclaimed" to Woodbury the premises in question, "together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging, and all the estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity, of the said parties of the first part, of, in, and to the above-described premises, and every part and parcel thereof, with the appurtenances. To have and hold," &c. Now, here are used the strongest words known to the law for the purpose of describing every conceivable interest in, or claim to, the premises which the grantor then had; and an express covenant against this very incumbrance would not more effectually have estopped Mr. Peters from ever setting up or claiming under this mortgage, either in his own name or that of any other person. This mortgage, in the hands of Peters, was an "estate," a "right," a "title," an "interest," a "claim,"

and a " demand," in and to the mortgaged premises; and all these interests were expressly conveyed to the grantee, whether they existed in law or equity. Whether Peters held the mortgage by either a legal or an equitable assignment, it equally passed to Woodbury by the conveyance; and the grantor in that deed can now assert no right or claim under it, either in his own name or that of any other person. This answer, which is admitted on the record to be true, shows that this proceeding to foreclose the mortgage, although in the name of the mortgagee, is for the use and benefit of the grantor in that deed, and we cannot hesitate a moment in determining that he cannot recover.

The decree of the Circuit Court must be reversed and the bill dismissed, but I am instructed to say without prejudice.

*Decree reversed.*