## Elgin City Banking Co. v. Minnie Center.

83   405
86   199
s185s534
83   405
f90   312

1. ASSIGNMENT—*Note Secured by a Mortgage.*—The assignment of a note, secured by a mortgage before the maturity of the note, passes the mortgage also as an incident of the debt, and the assignee takes all the rights of the mortgagee.

2. NOTICE—*Construction Sec. 31, Ch. 30, R. S.*—Section 31 of Chapter 30, R. S., entitled "Conveyances," providing that instruments of writing relating to real estate, shall be deemed, from the time of being filed for record, notice to subsequent purchasers and creditors, though not acknowledged or proven according to law, takes the place of actual notice to an assignee of a subsequent mortgage, and it is his duty to examine the record of prior mortgages and their recitals securing negotiable notes not due and liable to be outstanding in the hands of the innocent holders for value, and ascertain the truth of these matters.

3. DEEDS—*Construction of.*—In construing a deed, courts will look not only to the words of the deed, but also to the circumstances and condition of the parties as they existed at the time of the execution of the deed.

**Foreclosure.**—Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the October term, 1898. Reversed and remanded, with directions. Opinion filed June 22, 1899.

**Statement.**—Appellant, in the usual course of business, June 23, 1892, purchased of Roland L. Morgan, paying therefor the face value and accrued interest, a note of $1,100, made by Henry Rother, dated March 30, 1892, payable to Morgan, due on or before three years after date, with interest at seven per cent per annum, payable semi-annually, and which note was secured by a mortgage of the same date to Morgan made by Rother, the owner of the fee of the premises in question in this case, being a lot in Villa Park, Cook county, Illinois, and which was recorded April 22, 1892. The note was assigned and guaranteed by Morgan to appellant, and delivered with the mortgage to appellant at the time of the purchase, but no formal assignment of the mortgage was then made. Said note and mortgage have, ever since said purchase, been held and owned by

appellant. Thereafter Rother conveyed said lot to one Crowley, who, on May 1, 1894, conveyed to Emma L. Morgan, wife of said Roland L. Morgan. Crowley and wife, April 1, 1893, made and delivered a trust deed to the Commercial Loan & Trust Company, which was recorded May 4, 1893, to secure a note of $2,240, payable to the North & South Building & Loan Association, which was subsequently released by a release dated May 1, 1894, and recorded May 3, 1894.

May 2, 1894, Emma L. Morgan and Roland L. Morgan, her husband, made and delivered to James F. Rogers their mortgage of that date, conveying said lot to said Rogers to secure their note of even date for $1,000, due in three years from date, with interest at seven per cent per annum, payable semi-annually. This mortgage has the following recital, to wit : " This indenture, etc., that the mortgagor, Emma L. Morgan, and Roland L. Morgan (her husband), of, etc., mortgage and warrant to James F. Rogers, of, etc., to secure payment of one certain promissory note executed by Emma L. Morgan and Roland L. Morgan (her husband)," etc., and is acknowledged by " Emma L. Morgan and Roland L. Morgan, her husband," in the usual form, releasing and waiving the right of homestead. The note secured by the mortgage is worded in part, viz.: " Three years after date, for value received I promise to pay to the order of James F. Rogers," etc. May 5, 1894, Rogers, by a separate formal instrument, assigned the last mentioned mortgage to appellee, Minnie Center, which assignment was recorded May 31, 1894, and also, by indorsement in blank, assigned to said Center the note secured by said mortgage. Rogers paid no consideration for this note and mortgage, and Minnie Center paid him nothing for them nor for said assignment, but the note, mortgage and assignment passed from said Morgans through their agent to Center, she paying therefor the sum of $1,000 to the North & South Building & Loan Association, in consideration that the association would cause to be released the said trust deed to the Commercial Loan & Trust Company, which was done by release

dated May 1, 1894, and recorded May 4, 1894, mentioned above.

One Sills, who acted for the Morgans in the transaction by which Center purchased the Rogers note and mortgage, stated to the agent of Center, speaking of this mortgagee, " it is a first mortgage, and good; the Morgans are good without a mortgage." He also was the agent of the building association.

There is no evidence that appellee, or her agent, or Rogers, had any actual notice of the existence of appellant's mortgage at the time she purchased the Rogers mortgage. It does not appear that she, or any one for her, made any examination of the title to the lot or of the records, to ascertain whether there were any outstanding liens upon it.

July 14, 1894, Roland L. Morgan made and delivered to appellant a formal written assignment of appellant's said mortgage, which was recorded July 18, 1894, and contains as part of the clause assigning the mortgage the following words, to wit: " Together with the note therein described and the money due or to grow due thereon, with the interest," etc. Appellee filed her bill to foreclose the Rogers mortgage for default in payment of interest, by reason of which the principal was declared to be due, making appellant and others parties and claiming a first lien on the lot. Appellant answered and filed its cross-bill to foreclose its mortgage and claiming it to be a first lien. After the issues were made the cause was referred to a master to take proof and report his conclusions, which was done, the master reporting, in substance, the facts above stated, and recommending a decree making appellant's mortgage a first lien and appellee's mortgage a second lien on said lot, and for a sale to satisfy the same.

Upon a hearing of exceptions to the master's report before the chancellor, the report was approved and confirmed in all respects, except that appellant's mortgage was made a second and appellee's mortgage a first lien on said lot, and a decree was entered accordingly, from which this appeal is taken.

BOTSFORD, WAYNE & BOTSFORD and CUTTING, CASTLE & WILLIAMS, attorneys for appellant.

The assignment of a note before maturity, secured by a mortgage, passes the mortgage also, as an incident of the debt. Sargent v. Howe, 21 Ill. 148; Kleeman v. Frisbie, 63 Ill. 482; Union Mutual Life Ins. Co. v. Slee, 123 Ill. 57.

Where a mortgagee obtains a conveyance of the premises of the mortgagor, it may or may not operate as a release of the mortgage. The intention of the parties is what governs and controls. Edgerton v. Young, 43 Ill. 464; Huebsch v. Scheel, 81 Ill. 281.

A release of a mortgage may, or may not operate as a a release; it depends on the circumstances under which the same were executed. Turpin v. Ogle, 4 Ill. App. 611; Keohane v. Smith, 6 Ill. App. 585; Keohane v. Smith, 97 Ill. 156.

Where one of two innocent persons must suffer, he who by his negligent conduct made it possible for the loss to occur must bear it. Anderson v. Warne, 71 Ill. 20.

A wife joining in her husband's deed to release her right of dower is not bound by the covenants of warranty therein. Sanford v. Kane, 133 Ill. 206; Strawn v. Strawn, 50 Ill. 33.

HEATH, CARNAHAN & STOLL and HECKMAN, ELSDON & SHAW, attorneys for appellee.

No precise formality is necessary in making a release of a mortgage. It may be effected by a reconveyance even where the only provision by statute is for a release on the margin, or it may be effected by a quit-claim deed from the mortgagee to the mortgagor, or to his grantee or mortgagee (1 Jones, Mortgages, Sec. 972; Waters v. Waters, 20 Iowa, 363; Allen v. Leominster Savings Bank, 130 Mass. 580); or by a subsequent mortgage made by the mortgagee after taking a conveyance of the premises, and after an unrecorded assignment of the prior mortgage had been made to a third party (McCormick v. Bauer, 122 Ill. 573); or even by a bond made by a mortgagee, conditioned that a third person should save the one to whom such bond was given

Elgin City Banking Co. v. Center.

"harmless from cost and damages in consequence of any incumbrance" on the land.   Proctor v. Thrall, 22 Vt. 262.

And a quit-claim deed has repeatedly been held to be not only a release but a conveyance of whatever estate the grantor has; and it implies that he has an estate to convey. Robinson v. Appleton, 22 Ill. App. 351; Butterfield v. Smith, 11 Ill. 485; Morgan v. Clayton, 61 Ill. 35; Brady v. Spurck, 27 Ill. 478; Grant v. Bennett, 96 Ill. 513; Brown v. Banner Coal & Coal Oil Co., 97 Ill. 214; Sanford v. Kane, 133 Ill. 206.

Where the covenants in a deed are not restricted to one of the parties, they are the covenants of all the parties executing the deed.   L. E. & W. R. R. Co. v. Whitham, 155 Ill. 514; Miller v. Shaw. 103 Ill. 277.

A deed in due form, executed by a person *sui juris*, will pass whatever estate, title or interest a grantor has.   And where there is nothing to show the contrary, it will be presumed that both the legal and equitable title pass to the grantee.   Donlin v. Bradley, 119 Ill. 412; 1 Jones, Mortgages, Sec. 972.

The assignee of a mortgage is bound to record an assignment if he would be protected, and if he fails so to do and such mortgage is released by the mortgagee of record after he has made such an assignment of it and the note secured thereby, such release is valid and binding on such assignee, and he is estopped thereby so far as the rights of the third persons who deal with the property in good faith and without notice, are concerned.   Ogle v. Turpin, 102 Ill. 148; Howard v. Ross, 5 Ill. App. 456; Smith v. Keohane, 6 Ill. App. 585; 1 Jones, Mortgages, Secs. 476, 479 and 482; Edgerton v. Young, 43 Ill. 464; McCormick v. Bauer, 122 Ill. 573.

Mr. Presiding Justice Windes, after making the foregoing statement, delivered the opinion of the court.

Counsel for appellee say :

"The sole question in this case is whether the execution by Roland L. Morgan of the mortgage of appellee, Minnie

Center, containing full covenants of warranty, operated as a release of appellant's mortgage and precluded the said Roland L. Morgan, and consequently his secret assignee (the appellant), from afterward setting up such mortgage as a lien superior to that acquired by appellee's mortgage."

It is the law, and is conceded by appellee's counsel, that the assignment of a note secured by a mortgage before maturity passes the mortgage also as an incident of the debt. The assignee takes all the rights of the assignor, the mortgagee. Union Mut. Life Ins. Co. v. Slee, 123 Ill. 57–93; Sargent v. Morgan, 21 Ill. 148.

From this principle it follows that appellant, by the indorsement, assignment and delivery to it of the Rothers note on June 23, 1892, became the equitable owner of the mortgage securing the same, and is entitled to a superior lien to that of the Rogers mortgage, which is its junior in date and date of record, unless it is debarred because of its failure to secure and place upon record an assignment of its mortgage before appellee acquired her mortgage and placed an assignment thereof on record. Appellee contends that as the assignment of the note (and consequent equitable assignment of the mortgage) was unaccompanied by a transfer of record of the mortgage, it is good only between the parties themselves or persons having actual notice thereof.

It is not claimed, and, as we have seen, there is no evidence, that appellee had actual notice of the Rothers mortgage, and therefore it is only necessary to consider whether, under the facts of this case, appellee is in law chargeable with notice of its record.

In Keohane v. Smith, 97 Ill. 156–9, the Supreme Court, in speaking of the rights of a second mortgagee who knew of the existence of the first mortgage, as against those of the holder of the first mortgage, which was released of record by the mortgagee after he had assigned the note secured by it, said, referring to the first mortgage:

" It described the note, and from the description contained in the mortgage, he must be held to have had notice that the note secured was not due. Being negotiable paper, he must have known it might have been assigned in the usual

course of business, and might then be in the hands of an innocent holder for value. Under the circumstances it was his duty to have informed himself whether the outstanding note the mortgage secured had in fact been paid. Not to do so made it possible for the mortgagee to practice a fraud on the assignee of the note. Knowing the note was not due, and would not be due for years to come, he ought to have inquired whether Runyan (the first mortgagee) was still the holder and could rightfully receive payment, and not to do so was gross carelessness."

Our Statute (Hurd's R. S., 1897), Ch. 30, Sec. 31, provides, viz.:

" Deeds, mortgages and other instruments of writing relating to real estate, shall be deemed, from time of being filed for record, notice to subsequent purchasers and creditors, though not acknowledged or proven, according to law."

This statute, in our opinion, takes the place of actual notice to appellee, and makes applicable to the case at bar the language of the court in the Keohane case, *supra,* and it was the duty of appellee—as she must take notice of the record of appellant's mortgage and its recitals that it secured a negotiable note which was not due for almost one year after her purchase of the Rogers mortgage, and that it was liable to be outstanding in the hands of an innocent holder for value—to ascertain whether those matters were true or not. She should have informed herself of all facts disclosed by the record of appellant's mortgage, and as to whether the note secured by the mortgage had in fact been paid, or whether it was held by some innocent third person for value. No diligence on her part is shown. She did not, nor did any one for her, make an examination of the records. She was not justified in relying on the statement of the Morgans' agent, who was also the agent of the building association, and on its behalf interested in getting her money on its second mortgage to the Commercial Loan & Trust Company, that the Rogers mortgage was a first mortgage, any more than the second mortgagee was entitled to rely on Runyan's release in the Keohane case, *supra.*

Appellee seems to rely especially on the case of Ogle v.

Turpin, 102 Ill. 148, and claims that because appellant did not take an assignment of its mortgage and record it, before her assignment of the Rogers mortgage was recorded, it is not entitled to protection. We think this case is clearly distinguishable from the case at bar, in that the first mortgage was released by the mortgagee, who had acquired and held the equity of redemption. This release was of record when the second mortgage was taken, and the second mortgagee had a right to rely on the record of this release under these circumstances. Not so in the case at bar, in which there was no merger of title and no release of record.

The claim that because the Rogers mortgage contained full covenants of warranty on the part of Roland L. Morgan, the mortgagee in appellant's mortgage, it operated as a release and precluded Morgan and consequently appellant, his assignee, from setting up a lien superior to that of appellee, is not, in our opinion, tenable. If it were conceded that under this mortgage Morgan warranted the title of the lot to be free and clear of all incumbrances, we are not prepared to hold that it could have any other or greater effect than his formal release of the mortgage could have had, which, as we have seen in the Keohane case, *supra*, the Supreme Court held had no effect on the first mortgage. We do not, however, think that the covenants in the Rogers mortgage were the covenants of Roland L. Morgan. He merely joined in the mortgage, as we think is apparent from an examination of it, as husband, for the purpose of releasing his inchoate dower and right of homestead.

The mortgage says " the mortgagor, Emma L. Morgan, and Roland L. Morgan (her husband)," mortgage and warrant, etc. The fact that the verbs are plural can not overcome the statement that the mortgagor is Emma L. Morgan. She owned the fee; her husband only had an inchoate dower right and homestead. In equity he had no mortgage title. In construing the deed the court will look not only to the words of the deed, but also to the circumstances and condition of the parties as they existed at the time the deed was made, and when they are considered we think it apparent

that the covenants are those of Emma L. Morgan alone. Hadden v. Shoutz, 15 Ill. 581; Piper v. Connelly, 108 Ill. 651, and cases cited.

In Sanford v. Kane, 133 Ill. 199–206, it was held that where a wife joined with her husband in a conveyance of his land she was not barred by the covenants of warranty contained in the deed, and the court said that in determining the question equity "will look beyond the mere form and into the substance of the transaction, and give effect to the contracts of parties according to the true intent and meaning which the parties themselves understood and attached to them at the time they were made."

To a like effect in principle are Strawn v. Strawn, 50 Ill. 33, and R. R. Co. v. Whitham, 155 Ill. 520, in the latter of which cases the deed was by Hutchinson and Harriet M. Huchinson, his wife. The title was in the wife, and it was contended that she only joined to waive her dower and she did not convey her estate, but the court held that she conveyed her estate. The deed was construed according to the intention of the parties and the circumstances at the time it was made. Under our statute the rights of the husband as to dower and homestead in his wife's lands are the same as those of the wife in the husband's lands.

But aside from the matter of its covenants, we can not think, from the evidence in this case, it was intended that the Rogers mortgage should operate as a release of appellant's mortgage. The appellee and her agent had no actual knowledge of appellant's mortgage, so far as the evidence shows. If they had actual notice they were bound to see that appellant's note was paid. (Keohane case, *supra*.) A release, however formal, would not avail them. If they thought a release was necessary, it was an easy matter to have had one prepared and executed at the same time the mortgage was made. Also the fact that several months after the purchase appellee procured a release of appellant's mortgage, is strong evidence that the Rogers mortgage was not intended by the parties to be a release.

The claim of appellee that appellant is estopped by the

recitals contained in the assignment of its mortgage taken after the assignment of the Rogers mortgage to appellee, to the effect that the note was then assigned and that appellant can not now claim that the note was assigned to it June 23, 1892, at the time of the purchase, is not, in our opinion, tenable. The rights of appellant were in equity acquired June 23, 1892, and appellee did no act which was based on the faith of this recital. Moreover the words of the assignment are, "have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain," etc., and are not inconsistent with the proof that the note was in fact assigned on June 23, 1892.

We are of opinion that appellant is entitled to a first lien and appellee to a second lien on the lot in question.

The decree is reversed and the cause remanded, with directions to the Circuit Court of Cook County to enter a decree in accordance with the recommendations of the master and with the views herein expressed. Reversed and remanded with directions.