Mallory v. Mallory.

## Charles H. Mallory v. Mary Mallory.

1. MORTGAGES—*What Constitutes, in Equity.*—Where a purchaser of real estate delivers to his creditor his deed of the same and also executes a writing, under seal, stating in substance that he has borrowed a certain amount from him and delivered to him the deed, to be by him held in escrow, and not to be recorded till said amount should be repaid, within three years, binding himself, his heirs and assigns, so to do, such agreement, together with the warranty deed conveying the title of the premises for the purpose of securing the indebtedness, constitutes in equity a mortgage.

2. SAME—*Assignable in Equity.*—Such a mortgage is assignable in equity by indorsements on the written instrument.

3. SAME—*What is a Release.*—Where the owner of such mortgage and the debt secured by it, by a quit claim deed made by him, conveys all his interest as mortgagee in the real estate in question, such deed is in equity a release of his mortgage interest.

4. DOWER—*A Release of an Inchoate Right.*—A quit claim deed executed by the holder of a mortgage, for the purpose of releasing all his interest in the premises, is to be construed in the light of the evidence and the condition of the title at the time, and not only as a release of an inchoate right of dower.

5. DEEDS—*Construction of, etc.*—A deed is always to be construed, not only with reference to its words, but in the light of the circumstances existing at the time it was made, and the relations of the parties to the title.

**Bill for Relief.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded with directions. Opinion filed December 14, 1899.

**Statement by the Court.**—About December 4, 1885, Catherine Mallory purchased of Fuller and others the premises

in controversy in this case, and received a warranty deed
therefor to her of that date, and being indebted to William
Riley in the sum of $356.10, to secure the same, delivered to
said Riley the warranty deed, and also executed a writing
under seal stating in substance that she had borrowed said
amount from Riley on December 4, 1885, and had delivered
to him said warranty deed, to be by him held in escrow, and
not to be recorded till said amount should be repaid within
three years, and that she thereby agreed and bound herself,
her heirs and assigns, so to do. No separate note or writing
evidencing the debt to Riley was made. Neither the war-
ranty deed nor said writing were ever recorded, and there
was indorsed on the back of said sealed writing the fol-
lowing: "Transferred to Wm. Skakel, June 21, 1895.
Wm. Riley;" also, "Transferred to Mary F. Mallory, Dec.
17, 1895. Wm. Skakel."

The premises in question were a lot and cottage of the
value of $1,500, and were occupied from the date of the
warranty deed by Catherine Mallory as her homestead
until the time of her death, which was January 9, 1898.
Appellant was a nephew of said Catherine, lived with her
for twenty-five years prior to her death, supported her, and
paid all taxes and special assessments upon the property in
question, amounting to about $325, and also paid for
repairs and improvements upon it, $269.

Catherine Mallory had two sons, Michael F. Mallory, the
husband of appellee, and John Mallory, neither of whom
lived with their mother nor contributed to her support,
though said Michael, as he testified, had plenty of money
and was a money maker. July 28, 1896, said Catherine
conveyed said real estate by quit claim deed to appellant,
and by quit claim deed bearing the same date appellee and
her husband also conveyed to appellant the same premises.
In the latter deed "Michael F. Mallory and Mary F. Mal-
lory, his wife," are named as grantors. The consideration
expressed in the deed is ten dollars, but it appears that
nothing was paid by appellant for the deed. Appellant
testifies that the deed was made at the suggestion of Michael

Mallory, because the latter said that he and his wife wanted to arrange that appellant have the property, and that they said they thought he was entitled to it. Appellee testified that she signed the deed willingly; "my dower right, that is all I signed away." Michael F. Mallory testified that when the deed was made he told appellant, "here is a chance, you make out an instrument and I will sign it—sign away my interest in the land there. I have plenty of money and am a money maker, and therefore I don't want anything more to do with the property." Appellant testifies that he knew of the indebtedness of Catherine Mallory to Riley, but did not know of the writing held by Riley at the time that appellee and her husband made the deed to him. Appellee testified that appellant did know of the existence of the mortgage, but her testimony shows that she only heard that he knew of it from others. She says she never presented it to appellant for payment. Michael F. Mallory testified that appellant knew of the mortgage before it was transferred to Skakel, and before his and appellant's quit claim deed to appellant, but this appellant denies.

At the time appellee and her husband made the quit claim deed to appellant, as she testified, she was the owner of the mortgage to Riley.

Appellee filed her bill, setting up said written instrument executed by Catherine Mallory to Riley, and its deposit, together with the warranty deed, with him as security, the transfer to Skakel, and appellee claiming that it was a mortgage for the indebtedness to Riley, and asking that it be declared a lien on said real estate for the amount due thereon, and in default of payment that the property be sold. Appellant answered the bill and set up, among other things, the conveyances by Catherine Mallory to him of said real estate, and also of Michael F. Mallory and appellee to appellant, and that by the latter deed appellee conveyed all her right, title and interest in said premises to appellant.

After replication the cause was referred to a master to

take proof and report his conclusions. The master reported the facts substantially as above stated, concluded that said instrument in writing from Catherine Mallory to Riley and its deposit, together with the warranty deed, with Riley, constituted a mortgage in his favor, and that the same was owned by appellee, she having received it by assignment through the indorsements thereon as above stated, and recommended a sale of the real estate for the amount found due to January 1, 1899, being $544.48. Exceptions to the report were overruled, the report confirmed and a decree entered by the chancellor in conformity thereto. From this decree the appeal herein is taken.

FRANK H. GRAHAM, attorney for appellant.

No precise formality in making a release of the lien of a mortgage is necessary. It may be effected by a reconveyance. Release may be made of the whole or a part of the mortgaged premises by a quit claim deed from the mortgagee to the mortgagor. 2 Jones on Mort. (4th Ed.) 972.

And in it the estate of a mortgagee of land is a legal estate which passes by the same instruments of conveyance as other legal estates. Welsh v. Priest, 8 Allan (Mass.), 165.

Where land is conveyed in mortgage, and no separate obligation is given for payment of the money, a deed of quit claim of the land from the mortgagee to a stranger is sufficient to assign the mortgage and all the rights and interests under it. Dorkray v. Noble, 8 Me. 278.

The same rule applies where the debt has not been assigned. Welsh v. Phillips, 54 Ala. 309.

A conveyance by the mortgagee, by quit claim deed or otherwise, operates as an equitable assignment of the debt. Smith v. Hitchcock, 130 Mass. 570; Freeman v. McGaw, 15 Pick. (Mass.) 82; Hunt v. Hunt, 14 Pick. (Mass.) 374.

A mortgagee is considered as having a legal estate which may be alienated or transferred by any of the established modes of conveyance. Hill v. More, 40 Me. 515; Crooker v. Jewell, 31 Me. 306.

A conveyance by the mortgagee would convey all the

Mallory v. Mallory.

right the mortgagee had in the premises, which is a conditional fee, and also operates as an equitable assignment of the mortgagee's interest in the debt.    Lawrence v. Stratton, 6 Cush. 163.

A mortgage is not assignable at law by mere indorsement, as in the case of commercial paper, but on the other hand the estate and interest of the mortgagee may be conveyed to a third party by deed with apt words of conveyance, and the fact that it is in form an assignment makes no difference.    Barrett v. Hinckley, 124 Ill. 45.

A conveyance by a mortgagee discharges the mortgage. Hussey v. Hill, 120 N. C. 312.

A formal assignment of a mortgage in law is properly made by deed which may be a separate instrument or deed of quit claim of the premises in usual form by the mortgagee to a third party, which operates as an assignment of his interest as mortgagee.    15 Am. & Eng. Enc. of Law, 843; Dorkray v. Noble, 8 Me. 278; Dixfield v. Newton, 41 Me. 221; Weeks v. Eaton, 15 N. H. 145.


E. S. Cummings, attorney for appellee.

An equitable mortgage may be defined as a transaction which has the intent but not the form of a mortgage, and which a court of equity will enforce to the same extent as a mortgage.    11 Am. & Eng. Enc. of Law (2d Ed.), 123.

Where the language employed when read in the light of the surrounding circumstances clearly expresses an intention of charging the land with the payment of money, although the agreement may not operate as a mortgage at law, the intention of the parties will be effectuated by enforcing it as an equitable mortgage.    Peckham v. Haddock, 36 Ill. 38.

Where the equitable owner of the land assents, in writing, that the holder of the legal title to the same may hold the title as security for the money borrowed by such owner of a third person, this will be sufficient to create an equitable lien on the land for the benefit of his creditor.    Chadwick v. Clapp, 69 Ill. 119.

Where a mortgage has been made and no separate obligation given for the payment of the money secured by the mortgage, an assignment of the mortgage transfers all the rights and interests under it. 2 Am. & Eng. Enc. of Law (2d Ed.), 1086; 2 Jones on Mortgages (5th Ed.), Sec. 457.

If, on the face of the pleadings, no necessity appears for making the assignor a party, and it does not appear that he has any interest, an objection raised at the hearing that he is not a party will not prevail. 2 Jones on Mortgages (5th Ed.), Sec. 1375, top of page 308.

A mortgage being a mere incident to the mortgage debt, the conveyance of the mortgagee's interest in the land without foreclosure and without an assignment of the debt is considered in law a nullity and passes no title. Delano v. Bennett, 90 Ill. 533; Barrett v. Hinckley, 124 Ill. 44.

MR. JUSTICE WINDES delivered the opinion of the court.

The written instrument executed by Catherine Mallory to Riley, hereinabove set out, and its deposit with Riley, together with the warranty deed conveying the title of the premises in question to Catherine Mallory for the purpose of securing her indebtedness to Riley, constituted in equity a mortgage. Peckham v. Haddock, 36 Ill. 38; Chadwick v. Clapp, 69 Ill. 119.

This mortgage is in equity assignable, and was, by the indorsements on the written instrument set out in the statement preceding this opinion, assigned to, and the title thereto in equity was thereby vested in, appellee. 2 Jones on Mort., Sec. 457; Barrett v. Hinckley, 124 Ill. 44–6.

Appellee, being the owner of the mortgage in question, as well as the debt secured by it, there being no note or other evidence of the debt aside from the mortgage, upon the 28th day of July, 1896, by her quit claim deed of that date, voluntarily made by her, conveyed all her right and interest as mortgagee in the real estate in question to appellant. This deed was in equity a release of the mortgage interest of appellee. Dorkray v. Noble, 8 Mo. 278; Welsh v. Priest, 8 Allan (Mass.), 165; 2 Jones on Mortg. (2d Ed.)

Sec. 972; Waters v. Waters, 20 Ia. 363–7; Hussey v. Hill, 120 N. C. 312; Woodbury v. Aikin, 13 Ill. 639–42; Barrett case, *supra.*

The contention that appellee, by her quit claim deed, only conveyed her dower, is not tenable. The owner of the fee at that time, Catherine Mallory, was living, and on the same day conveyed it to appellant. The husband of appellee had no right, title or interest in the real estate, and therefore appellee had no right of dower, inchoate or otherwise. The only right or interest which appellee had at this time was her interest as mortgagee. This interest, in the light of the evidence and the condition of the title at that time, she no doubt intended to and did effectually convey to appellant by her deed to him. A deed is always to be construed not only with reference to its words, but in the light of the circumstances existing at the time it was made and the relations of the parties to the title. Lake Erie, etc., R. R. Co. v. Whitman, 155 Ill. 514; Elgin City Bkg. Co. v. Center, 82 Ill. App. 405–12, and cases there cited.

The other contentions of counsel are not necessary to be considered. The decree of the Superior Court is reversed and the cause remanded, with directions to dismiss the bill for want of equity.