### Lilly M. Granath v. Anna M. Johnson.

1. MARRIED WOMEN—*Not Bound at Common Law by Covenants.*— At the common law a married woman was not bound by her covenants or agreements.

2. SAME—*Under the Statutes of Illinois.*—Under the statutes of Illinois contracts may be made and liabilities incurred by married women and the same enforced against them to the same extent and in the same manner as against unmarried women.

3. SAME—*Rights and Liabilities Under Statutes.*—By the acts of 1861, 1869 and 1874 married women are placed upon a common footing with married men in respect to all property rights, including the means to acquire, protect and dispose of the same. Like other persons they must perform their contracts, and failing to do so are amenable to the same extent as if they were unmarried.

4. SAME—*Joining with Their Husbands in Deeds, etc.*—Where a married woman joins with her husband in his deed for the sole purpose of enabling him to pass the title free from her inchoate right of dower, such deed can not be said to be her contract for any other purpose than to release such right of dower.

5. SAME—*Power of Equity Over Contracts of.*—A court of equity, when its power is invoked, will look beyond mere forms and into the substance of the transaction and give effect to the contracts of all parties according to the true intent and meaning which the parties themselves understood and attached to them at the time they were made.

6. SAME—*Effect of Acknowledgments by.*—It can not be said, at least

Granath v. Johnson.

in equity, that by signing and acknowledging the deed of her husband for the sole purpose of releasing her dower the wife makes such deed her own and subjects herself to liability on the covenants of title.

7. SAME—*Liability upon Covenants Where They Have No Title.*—A married woman may contract and be bound by her contract with respect to her separate estate, but not so with respect to covenants in a deed conveying the estate of her husband and in which she joins merely to effectuate a release of dower and homestead rights.

8. DEEDS—*Rules of Court in Construing.*—In construing deeds courts not only look to the words of the deeds but also to the circumstances and condition of the parties as they existed at the time they were made.

Foreclosure.—Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1900. Reversed. Opinion filed July 28, 1900.

G. BERNHARD ANDERSON, attorney for plaintiff in error.

DENEEN & HAMILL, attorneys for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

On the foreclosure by defendant in error of a trust deed made by Carl Granath and Lilly M. Granath, his wife, on certain real estate in Cook county, a decree was entered finding, among other things, that said Lilly M. Granath covenanted and agreed to pay the indebtedness secured by the trust deed—no defense having been made to the bill by her. A sale of the real estate having been made pursuant to the foreclosure decree, there was a deficiency for $980.28, for which amount the court, having found that Lilly M. Granath was personally liable therefor, entered a deficiency decree against her in favor of defendant in error and awarded execution thereon. This writ of error is prosecuted to reverse the deficiency decree.

It appears from the evidence that the indebtedness to secure which the trust deed was given, was that of Carl Granath only, and he only signed a note evidencing the same, together with interest notes for the several installments of interest becoming due thereon, according to the tenor and effect of the principal note, and the trust

deed was made, his wife, the plaintiff in error, joining therein. The title to the real estate at the time the note and trust deed were executed was in Carl Granath only, but the trust deed recites " that the grantors, Carl Granath and Lilly M. Granath, his wife, for and in consideration of the sum of $1,000 in hand paid, convey and warrant," etc., to the trustee the real estate conveyed; also further recites, viz.: " in trust, nevertheless, for the purpose of securing performance of the covenants and agreements herein; " also further recites, viz. : " the grantors covenant and agree as follows: (1) to pay said indebtedness and the interest thereon, as herein and in said notes provided."

The only evidence before the court besides the note and trust deed, which is material to be considered, was as to the amount due thereon of principal and interest.

Counsel for plaintiff in error contends that there is no evidence justifying the deficiency decree, whereas counsel for defendant in error claim that the covenants of the trust deed above recited are ample to sustain the decree. If the decree can be sustained it must be by virtue of the covenant or agreement of plaintiff in error contained in the trust deed, by which, with her husband, she agrees to pay the indebtedness of her husband as evidenced by his notes which are secured by the trust deed.

At the common law, plaintiff in error, being a married woman, was not bound by such a covenant or agreement. Strawn v. Strawn, 50 Ill. 33; Snell v. Snell, 123 Ill. 403–9; Sanford v. Kane, 133 Ill. 199; Vil. of Western Springs v. Collins, 98 Fed. Rep. 933; R. Co. v. Whitham, 155 Ill. 514; Bigelow on Estoppel, 5th Ed., 339.

The statute of this State (Hurd's Rev. Stat., Chap. 68, Sec. 6), adopted in 1874, provides that " contracts may be made and liabilities incurred by a wife, and the same enforced against her to the same extent and in the same manner as if she were unmarried."

In the Snell case, *supra*, where the court had under consideration the power of a court of equity to reform the deed of a married woman for mistake, after stating the effect of her contracts at common law, the court say :

Granath v. Johnson.

"By the acts of 1861, 1869 and 1874, married women are to-day, and were at the time of the execution of the mortgages in question, placed upon a common footing with married men in respect to all property rights, including the means to acquire, protect and dispose of the same. They may own, buy, sell, transfer and convey any and all kinds of property to the same extent as married men or single women may, and subject to no other or different conditions or restrictions. Not only so, but their duties and obligations in respect to these rights and powers are the same as those of others *sui juris*. Like other persons, they must perform their contracts, and if they fail to do so they are amenable to legal process to the same extent as if they were unmarried."

In the Sanford case, *supra*, where the court had under consideration the question as to what change was made in the common law rule by the statute above quoted, upon the covenants of a married woman in her deed, the court say :

"Under our statute married women may make contracts that will be enforced against them, but their conveyances, in order to bind them in respect to their real estate, must have for their object the disposition, in some form, of their lands, or of some right or interest relating to their lands. Where a married woman joins with her husband in his deed for the sole purpose of enabling him to pass the title free from her inchoate right of dower, such deed can not be said to be her contract for any other purpose than to release her right of dower. A court of equity, when its power is invoked, will look beyond the mere form and into the substance of the transaction, and give effect to the contracts of parties according to the true intent and meaning which the parties themselves understood and attached to them at the time they were made. It can not be said, at least in equity, that by signing and acknowledging the deed of her husband for the sole purpose of releasing her dower, she makes the deed her own, and subjects her to liability on the covenants of title."

The court also, after commenting upon and quoting from the Strawn case, *supra*, in which it was held that a wife was not liable upon her covenants in a deed for land to which she had no title, she having joined therein for the sole and only purpose of releasing any future right which

she might have as a wife surviving her husband, the owner of the fee, the court say:

"We have not failed to note the difference between the rights of married women under statutes in force when these deeds were made (which was after the act of 1874) and those given by the act of 1861."

And held that where a wife joined with her husband in a conveyance of his land merely for the purpose of releasing her dower, she will not, in equity, be held liable upon the covenants of the deed. To a like effect are the cases of Elgin, etc., Co. v. Center, 83 Ill. App. 405, affirmed by the Supreme Court, 185 Ill. 534, and the Collins case, *supra.*

In the Center case, *supra,* the court say (citing the Strawn and Sanford cases, *supra*):

"A husband who joins with his wife in a conveyance of her real estate merely for the purpose of releasing his dower, is not liable upon the covenants contained in the deed."

In the Collins case, *supra,* the court in construing section 6 of the statute above quoted, refer to the Snell and Sanford cases, *supra,* and say: "It would seem, therefore, that the construction placed upon this statute by the Supreme Court of the State of Illinois, is that a married woman may contract, and will be bound by her contract with respect to her separate estate, but not so with respect to covenants in a deed conveying the estate of the husband, and in which she joins merely to effectuate a release of dower and homestead rights," and held that a wife who joined with her husband in a conveyance of her real estate in which they jointly covenanted and agreed to pay, and have released a certain incumbrance thereon when it became due, was not bound by such contract or agreement.

But it is said for defendant in error, that it does not appear from this record that Mrs. Granath joined in this trust deed only for the purpose of releasing her dower, and therefore that the Sanford case and others in that line do not control, citing the case of Stone v. Billlngs, 167 Ill. 170–80, and Major v. Holmes, 124 Mass. 108, which hold, in effect, that no distinction can be made between the surety-

Granath v. Johnson.

ship of a married woman for her husband's debt, and that for the debt of a stranger. We think that these cases correctly state the law under our statute, the language of which is plain that the wife is responsible for her contracts "to the same extent and in the same manner as if she were married." The question presented is, did Mrs. Granath intend to become a surety for her husband in the payment of his debt. We are of opinion that she did not, but that her intention was merely to release her inchoate dower in her husband's real estate so that it might be freed from any claim on her part. The debt appears from the evidence to have been the husband's, and Mrs. Granath did not sign the notes evidencing the debt and interest thereon. The deed shows upon its face that the conveyance of the land was in trust "for the purpose of securing performance of the covenants and agreements herein." Among these agreements was the agreement to pay the debt and the deed of the land and her inchoate interest therein was therefore for the purpose of security of her husband's debt. That could have been the only purpose of her joining in it with her husband. If it had been intended that she, individually, was to be responsible for her husband's debt, it would have been an easy matter for her to have signed the notes, either as principal or surety. The notes and trust deed appear to have been one transaction, and should be construed together. Moreover, "in construing a deed the court will look not only to the words of the deed, but also to the circumstances and condition of the parties as they existed" when it was made. Center case, *supra*, page 412, and cases cited, especially the Sanford case, *supra*, at page 206, where the court said that equity "will look beyond the mere form and into the substance of the transaction, and give effect to the contracts of parties according to the true intent and meaning which the parties themselves understood and attached to them at the time they were made." See also, Curtis v. Hawley, 85 Ill. App. 438, and cases cited; Mallory v. Mallory, 86 Ill. App. 193-9.

We regard the question as by no means free from diffi-

culty, and while it must be held, under the plain provisions of our statute, and as construed by the Supreme Court, that right of a married woman to contract and be contracted with and her duties and obligations under such contracts are the same as those of her husband, we feel constrained by the evidence in this case, in view of the authorities above cited, to hold that it was not the intention of Mrs. Granath by joining in the trust deed with her husband, to become responsible personally for the payment of his debt, and that her contract to that effect is not binding upon her. The deficiency decree of the Superior Court is therefore reversed.