Robert M. Adam et al., Defendants in Error, v. Hester L. Rockey et al., Plaintiffs in Error.

Gen. No. 4,879.

1. DEFICIENCY DECREE—*what not.* Held, that a deficiency decree must be for a specific sum and could only be entered after the sale in foreclosure, and that the decree in question in this case was not a deficiency decree.

2. EQUITY PLEADING—*when question of multifariousness cannot be raised.* A charge of multifariousness cannot be urged against a bill of complaint for the first time on appeal or against a decree *pro confesso.*

3. HUSBAND AND WIFE—*when latter not liable upon covenants of deed.* A wife who joins in a deed merely for the purpose of releasing her dower, is not liable upon the covenants contained in the deed.

Foreclosure. Error to the Circuit Court of Will County; the Hon. DORRANCE DIBBELL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed in part and reversed in part. Opinion filed March 11, 1908.

**Statement by the Court.** On March 3, 1894, Franklin L. Rockey was the owner of lot five in block ten of the origi-

nal town of Joliet. On that day he executed a note for $700
due in three years with interest at the rate of 7 per cent per
annum payable to himself, and to secure the payment of
the note executed a trust deed on said real estate to Ambrose
F. O'Connor as trustee. The trust deed was duly recorded
and the note transferred by indorsement and became the
property of Annie J. Prior. On June 1, 1895, Rockey sold
the real estate described in the trust deed to John Harting
for $5,500. The conveyance from Rockey to Harting is a
warranty deed in the ordinary form, but contains the follow-
ing clause, "subject to an encumbrance by way of trust deed
or mortgage on which there now remains unpaid the sum
of $700 and accrued interest and which as a part of the con-
sideration above named the said grantors covenant and agree
to pay when due and cause the same to be cancelled and
discharged." No money passed in this transaction, but to
secure the payment of said $5,500 Harting and wife executed
twelve promissory notes payable to their own order and in-
dorsed them to Rockey. One of the notes is for $250 due in
four months and one for $250 due in one year, both bearing
interest at 7 per cent. The other ten notes are each for $500
with interest at 4½ per cent, and become due, the first in
two years and one each year thereafter, until the last which
became due in eleven years. To secure these twelve notes
Harting and his wife executed a trust deed on the said real
estate to James L. O'Donnell as trustee. Robert M. Adam
became the owner of the nine notes last maturing.

Default having been made in the payment of some of these
notes at their maturity, Robert M. Adam, in February, 1901,
filed a bill in the usual form to foreclose the trust deed against
the Hartings, and alleged that the trust deed contained a
provision that in the event of default being made in the
payment of any of the notes at maturity the legal holder
thereof might at his option declare all said notes due, and
that Adam had declared all said notes due. The Hartings
answered the bill, setting up the foregoing facts, and that the
Rockeys had failed to pay the $700 note now held by Annie
J. Prior, and that they had been compelled to pay interest

on said $700 note, and that the $700 note and interest was a prior lien on the real estate described, and that they were equitably entitled to a set-off of the amount paid by them on account of interest and also the amount now due on the $700 note against the notes held by Adam. Thereupon the bill was amended setting up the same facts that were set up in the answer of the Hartings, and praying that in the event that the court should determine that the Hartings are entitled to any set-off on account of the trust deed to O'Connor or on account of any payment of interest made by the Hartings, then the court should direct that Franklin L. and Hester L. Rockey pay Adam the amount which the court might find should be allowed as a set-off against the notes held by him. Annie J. Prior answered the bill, setting up her ownership of the $700 note secured by the O'Connor trust deed and that the same is due and unpaid. The Rockeys were duly served with summons but failed to answer, and a default was taken against them. A replication was filed to the answers. After various other amendments to the bill and answers, by agreement of the parties the proof was heard in open court. A decree was entered finding the allegations of the bill as amended to be true, and finding, amongst other things, that there was due Annie J. Prior $786.98, and that under the trust deed to O'Connor the said amount is a first lien on said premises; that by reason of the warranty deed executed by the Rockeys to Harting the said Franklin L. Rockey and Hester L. Rockey jointly and severally agreed to pay and discharge said encumbrance of $700 and interest and that they should be required to perform their covenant and agreement; that there is due Adam on the notes assigned to him $5,541.95 and that by reason of the trust deed to O'Donnell the same is a lien on said real estate; that Harting has paid $182 on account of interest and other items on the $700 note because of the failure of the Rockeys to pay the same; that the Rockeys obligated themselves to pay said $700 note and interest owned by Annie J. Prior, and that in proceedings to foreclose the trust deed executed by the Hartings to O'Donnell, said Hartings, as against Franklin L. and Hester

L. Rockey, would be entitled to set off against said notes given by them to said Franklin L. Rockey the sum of $968.98, being the total of the amount paid by the Hartings and the amount now due on said note held by Annie J. Prior, and that said Adam, as assignee of said notes executed by Harting, holds the same subject to said set-off, and that the same should be deducted from the sum due from the Hartings upon the notes held by Adam, and that Adam should recover of said Franklin L. and Hester L. Rockey said sum of $968.98 and awarding execution therefor. A sale was decreed in accordance with the findings. At a subsequent term further evidence was heard, and a finding and final decree entered that Charles A. Barrett, as grantee of the Hartings, had paid Annie J. Prior the said sum of $786.98 and that he had paid Robert M. Adam $4,654, the amount found due him less the set-off the Hartings were entitled to against the Rockeys, and that the title to said real estate is vested in said Barrett free from all said liens, and that nothing in this decree shall modify the decree of the former term wherein the Rockeys were found indebted to Robert M. Adam and execution awarded. On January 11, 1905, an execution was issued in favor of Robert M. Adam against the property of Franklin L. and Hester L. Rockey to the sheriff of Will county, and by the sheriff levied on certain real estate. Franklin L. Rockey and Hester L. Rockey sue out this writ of error and assign various errors upon the record of the court, without presenting any certificate of evidence.

E. MEERS, for plaintiffs in error; E. C. HALL, of counsel.

MORRILL SPRAGUE and J. W. DOWNEY, for defendants in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The first, second, third and fifth assignments of error are in substance and effect that the court erred in entering a deficiency decree. The court found that the Rockeys had

Adam v. Rockey.

agreed to pay and discharge the $700 note and trust deed when the real estate was sold to the Hartings, and not having paid it the Hartings were entitled to have set-off against the note and trust deed they had given to Franklin L. Rockey that had been assigned to Robert M. Adam, the amount they had paid or would be compelled to pay to Annie J. Prior, the holder of the $700 note and trust deed executed by Rockey. This was not a deficiency decree. A judgment must be for a specified sum and hence a deficiency decree can only be rendered after a sale of mortgaged property. Cotes v. Bennett, 183 Ill., 82; Bouton v. Cameron, 205 Ill., 50. This not being a deficiency decree such assignments of error are not well taken.

The fourth error assigned is that the court erred in said equity proceedings in determining the liability of plaintiffs in error on said covenant to pay said $700 lien, and that the court should have referred the parties to their remedy at law; the sixth is that the court erred in entering a decree against plaintiffs in error or either of them.

The bill alleges "that from the records, etc., it appears that said John Harting obtained title to the said real estate by deed of warranty from Franklin L. Rockey and Hester L. Rockey his wife * * * that the same appears to contain the following stipulation, covenant or agreement; 'subject to an encumbrance by way of trust deed on which there now remains unpaid the sum of $700 and interest, and which as a part of the consideration above named the said grantors covenant and agree to pay when due and cause the same to be cancelled and discharged.'" The decree finds that said warranty deed from said Franklin L. Rockey and Hester L. Rockey contained this covenant or agreement and that by reason of said agreement or covenant in said deed Franklin L. Rockey and Hester L. Rockey jointly and severally agreed and promised, etc., and became obligated to pay and discharge said encumbrance of $700 existing by reason of said trust deed to Ambrose F. O'Connor and the note accompanying the same, and that said Franklin L. Rockey and Hester L. Rockey should be required to perform their covenant and

pay the full amount due on said encumbrance.   The Rockeys were defaulted and a decree *pro confesso* taken against them. The Rockeys were proper but not necessary parties to said bill; they had disposed of their equity in the property and had no interest in it.   Had there been a demurrer to the bill on the ground of multifariousness that part of the bill asking for relief against them might possibly have been held bad on that ground.   That question, however, cannot be raised on appeal or error against a decree *pro confesso*. Gilmore v. Sapp, 100 Ill., 297; Chicago Theological Seminary v. Gage, 103 Ill., 175.   Franklin L. Rockey, who was the owner of the property sold, having agreed to remove the encumbrance, had no reason to complain of a decree the findings of which correspond with the allegations of the bill and does equity.   Hester L. Rockey, the wife, having signed the deed, the question arises can she be held to perform the covenant contained in the deed ?   The bill recites that Franklin L. Rockey was the owner of the property conveyed to Harting and that the note for $700 was signed by Franklin L. Rockey and not by his wife, Hester L. Rockey.   The decree recites that the court found that they both covenanted to pay the $700 note from the covenant in the deed alone. There is no finding that she received any of the consideration or that she intended to go security on her husband's debt or to bind her separate estate.   A wife who joins in a deed merely for the purpose of releasing her dower is not liable upon the covenants contained in the deed.   Sanford v. Kane, 133 Ill., 199; Center v. Elgin City Banking Co., 185 Ill., 534; Williams v. Hugunin, 69 Ill., 214; Granath v. Johnson, 90 Ill. App., 308, and cases therein cited; Western Springs v. Collins, 98 Fed. R., 933; 5 Encyc. of Pl. & Pr., 361.   There is nothing in the deed, which from the recital of the decree is the only evidence on which the court held Hester L. Rockey liable, that shows that she joined her husband in the deed for any purpose other than to release her dower, and the decree cannot be sustained against her.

So much of the decree as renders a judgment against Hester

L. Rockey is reversed, in all other respects the decree is affirmed.

*Affirmed in part and reversed in part.*

Mr. Justice Dibell took no part in the decision of this case.