## PHŒBE G. STRAWN

*v.*

## WILLIAM STRAWN *et al.*

| 50 | 33 |
| 133 | 207 |

| 50 | 33 |
| 139 | 449 |

| 50 | 33 |
| 83a | 413 |

| 50 | 33 |
| 185 | 537 |

| 50 | 33 |
| 90a | 5310 |

| 50 | 33 |
| 197 | 6153 |

1. HUSBAND AND WIFE—*right of survivorship.* Where husband and wife are jointly seized in fee of real estate, upon the death of one, the land passes to the survivor.

2. But where husband and wife join in the conveyance of land owned by the former in his own right, the husband still holding the reversion in fee, upon the death of the husband and the subsequent extinguishment of the outstanding freehold estate created by the conveyance, the wife will not become entitled, as surviving grantor, to the lands in question, but they will revert to the heirs at law of the husband.

3. SAME—*application of the rule.* In this case the owner of certain lands executed a deed, his wife joining therein in the usual mode for the purpose of relinquishing her dower, whereby he conveyed the lands to his daughter, to have and to hold the same to her and the heirs of her body begotten, forever. Subsequently he died, and after his death the grantee, his daughter, died, unmarried, and leaving no issue. *Held,* that the estate which reverted upon the death of the grantee did not vest in the widow of the grantor by right of survivorship.

4. CONVEYANCE BY HUSBAND AND WIFE *of the lands of the former—effect thereof as to the wife.* Where the owner of land executes a conveyance thereof, his wife joining therein in the usual mode prescribed by the statute for the purpose of relinquishing her dower, the deed will operate, so far as the wife is concerned, merely to release her inchoate right of dower, and is not evidence of a joint seizin in fee in the husband and wife at the time of the conveyance.

5.  SAME—*where the wife joins in a covenant of warranty—whether she is bound—act of* 1861.  Although the wife who joins with her husband in a conveyance of his land, also joins in the covenants for title contained therein, she will not be bound by such covenants.  Even if it were her own land, and her husband had united in a conveyance of it, containing covenants, she could not be held responsible upon them any further than that they should be held to convey from her and her heirs, her right and interest in the land.  This immunity of the wife from liability upon such covenants is not destroyed by the act of 1861 securing to married women the enjoyment of their separate property.

6.  DOWER—*to what character of estate it will attach.*  A reversionary interest in land is not such an estate, though it be in fee, as will give the wife of the owner thereof a right of dower in the premises, unless, by the death of the intermediate freeholder, or a surrender of the outstanding estate to the husband, the inheritance becomes entire in him during coverture.

7.  ESTOPPEL.  The fact of a married woman joining her husband in the execution of a conveyance of land of which the husband was the owner, will not estop his heirs from denying that the wife was jointly seized in fee with her husband, to defeat any claim she may set up to the property upon its reverting after the husband's death.  Even a declaration by the wife, in so many words, in the deed, that she was joint owner of the lands, would not bind the heirs, nor estop them from denying that such was the fact, as against her.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The facts sufficiently appear in the opinion.

Messrs. THOMAS & McCLURE, for the appellant.

Mr. HENRY E. DUMMER, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, in the Morgan Circuit Court, by Phœbe G. Strawn, against William Strawn and others, heirs at law of Jacob Strawn, deceased, to quiet the title to lands she claimed as surviving grantor, or, in the alternative, that she might have her dower assigned her in those lands, as the widow of the deseased.

The case was submitted on bill, answer and replication, and the bill was dismissed, the court deciding that complainant was not entitled, as surviving grantor, to the lands in question, or to dower, as the widow of her deceased husband.

To reverse this decree, complainant appeals to this court.

The facts are briefly these : On the 23d of September, 1864, Jacob Strawn and complainant, his wife, by their deed of that date, sold, confirmed and conveyed to their daughter, Martha, a large quantity of land, of the estimated value of $38,000 and upwards, of which Jacob Strawn was the owner in fee in his own right, to have and to hold the same to her and the heirs of her body begotten, forever.   The grantors covenanted for themselves, their heirs and assigns, that they would forever warrant and defend the title to the same.

The usual acknowledgment of its execution was taken by a justice of the peace, in which the complainant formally relinquished her dower, as prescribed by the statute.

As part of the same transaction, the grantee, Martha Strawn, gave an acknowledgment in writing not under seal, that she had received this deed, and in consideration thereof, agreed that her father should have and retain the possession of the land and use it, free of rent or charge, until she was twenty-three years of age, at which time possession was to be surrendered to her.   She also executed a receipt acknowledging that she had received of her father a deed for the land of the value above stated, and $300 in money, as an advancement, for which sum she agreed to account in the settlement of her father's estate after his death, they being the only advancement made to her to that date.

On the 23d of August, 1865, Jacob Strawn died, intestate, in occupancy of the lands by virtue of this agreement.   He left surviving him, the complainant, his widow, three children by a former wife, and five, including Martha, the offspring of complainant.

Upon the death of Jacob Strawn, complainant took possession of all the real estate, including the lands conveyed to

Martha, claiming an interest therein, and acting as the agent of her five children, but without the consent of the three oldest children by the first marriage, which possession she held up to the time of filing the bill of complaint.

On the 15th day of July, 1868, about four months before she reached the age of twenty-three, Martha died, unmarried, and leaving no child or descendant, but having executed a will in due form, devising all of her estate, except a few small legacies, to her mother, the complainant, but no claim is made under this will.

Under this state of facts, the complainant claims that she is entitled to the lands conveyed by this deed as the surviving grantor, or, if that claim is not allowed, that she is entitled, as widow of Jacob Strawn, to her dower in them. Both these claims are denied by the older brothers and children, and by the younger, her offspring, the question is submitted to the court.

The first proposition of appellant is not denied,—that when husband and wife are jointly seized in fee of real estate, upon the death of one, the land passes to the survivor. But this case shows appellant was not, at the time of executing the deed to Martha, seized of any estate in these lands—that she then had in them an inchoate right of dower only, which she formally relinquished by her deed.

The second proposition is, that, by the deed to Martha, the husband and wife claim to be seized in fee of the lands conveyed, and by this claim and their warranty of title, defendants are estopped from denying such seizin.

This proposition includes the third, that although it be true the title to the land was in Jacob Strawn, the defendants have no right to set up this fact and avail themselves of it.

These propositions are based upon the construction appellant has thought proper to put upon the act of 1861, to protect married women in their separate property.

We are at a loss to perceive what portion of that act could give birth to these propositions, in view of the fact that the

lands in question were not the separate property of the wife, the appellant here.

Counsel insist, that, by this act, a wife joining with her husband in the execution of a deed conveying his property, is bound by the covenants contained in the deed, but it is with this qualification made by them, that the deed must show she claimed title to the lands conveyed by it. This may be so, but the deed in question gives no such assurance. She joins as a party in compliance with the statute, in order to a release of her dower, and for that purpose only. Had she not joined in it, the deed would have been effectual to convey the title to the grantee—her joining in it gave it no additional efficacy, she having nothing to convey, save her right of dower. The assumption that the deed proves Jacob Strawn and appellant were seized in fee of the lands conveyed is wholly groundless. The terms of the deed nowhere indicate a joint ownership of these lands. If a joint tenancy did exist, how was it created?

But is it true that, by force of the act of 1861, appellant could be bound by the covenants in this deed? Had it been her own land, and her husband had united in a conveyance of it, containing covenants, she could not be held responsible upon them any further than that they should be held to convey from her and her heirs, her right and interest in the land. And this immunity is not destroyed by the act of 1861. If that act makes her responsible on covenants contained in a deed she may execute for her own land, how it can be said to make her liable on covenants in a deed for land to which she set up no title, and joined in its execution for the sole and only purpose of releasing any future right she might have as a wife surviving her husband, the owner of the fee, we fail to perceive. We cannot see the force of the proposition.

The idea that the defendants are estopped from denying the claim of joint ownership set up by appellant, is certainly a novel one. Surely, they have done nothing which should estop them, and she cannot make an estoppel for them by any

act of her own to which they are strangers, and by force of which they have pursued a course of conduct in business they would not have pursued had it not been for the act done. Had appellant declared, in so many words, in the deed to Martha, that she was joint owner of these lands with her husband, it would bind no one unless it should be herself. It certainly, by no rule we recognize, could bind those who were not parties or privies to the act.

The claim to these lands as survivor, has not a leg to stand upon.

As to the claim to dower in these lands, that is equally groundless.

At the death of Jacob Strawn there was an outstanding estate of freehold in these lands in Martha, his daughter and grantee, he having only a reversion in fee. Such an estate, though it be in fee, will not give the wife a right of dower therein, unless, by the death of the intermediate freeholder, or a surrender of that estate to the husband, the inheritance becomes entire in the husband during coverture. 1 Wash. Real Prop. 181, 3d ed. This surrender never took place, as Jacob Strawn, the reversioner, died before the freeholder. The rule is well settled that a widow is not dowable of land in which her husband has only a vested remainder, expectant upon an estate for life. *Durando* v. *Durando et al.*, 23 N. Y. 331, and such are all the authorities.

Nor is appellant helped, by any reasonable construction of the statute, in relation to dower, unless an interpolation should be made, which appellant's counsel has suggested, so that the statute shall read, " the widow shall be endowed of legal and equitable estates, ' and of every other description of estate to which, by force of any contract of the husband, he, in his lifetime, or his heirs after death, might become entitled.' " We are not permitted so to interpolate the statute, and taking it as it is, appellant is not within its provisions. When the deed was made to Martha, and the contemporaneous written agreements made, Martha became vested with a freehold estate in the

lands, all right of dower to which appellant released in due form. Jacob Strawn never, thereafter, became possessed of any such estate in the lands as would entitle his widow to dower. Being the remainder in fee, it was not, as the authorities show, such an estate, the outstanding freehold not having been surrendered to him, in his life-time.

The decree of the circuit court is affirmed.

*Decree affirmed.*