## MINNIE CENTER

*v.*

## THE ELGIN CITY BANKING COMPANY.

*Opinion filed April 17, 1900—Rehearing denied June 7, 1900.*

1. MORTGAGES—*release of mortgage by mortgagee after his assignment thereof is recorded is of no effect.* After the first mortgagee has assigned the mortgage and the assignment has been recorded, his subsequent release of the mortgage is of no effect as against the assignee.

2. SAME—*when second mortgage does not release first mortgage.* Where mortgaged premises are conveyed to the wife of the mortgagee and the wife gives a mortgage, in which the husband joins, which recites that they "mortgage and warrant" the premises, the latter mortgage does not, in the absence of express words, operate to release the first mortgage.

3. COVENANTS—*husband releasing dower not liable upon covenants in wife's deed.* A husband who joins with his wife in the conveyance of her real estate for the purpose of releasing his dower is not liable upon the covenants contained in the deed.

CARTWRIGHT, J., dissenting.

*Elgin City Banking Co. v. Center,* 83 Ill. App. 405, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

CARNAHAN & SLUSSER, and HECKMAN, ELSDON & SHAW, for appellant.

BOTSFORD, WAYNE & BOTSFORD, and CUTTING, CASTLE & WILLIAMS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Each of the parties to this action holds a mortgage upon the same premises, and the controversy is as to which is entitled to the first lien. Appellant filed her bill in the circuit court of Cook county to foreclose her mortgage, making appellee, with others, a party defend-

ant, and claiming priority of lien. Appellee answered the bill and also filed a cross-bill, setting forth its mortgage and praying that the same might be declared a first lien and foreclosed as'such. Issues being regularly joined upon both the original and cross-bills, the cause was referred to a master to take and report the evidence, with his conclusions. He reported in favor of the complainant in the cross-bill, this appellee, but the court sustained exception thereto by appellant and entered a decree declaring her entitled to priority of lien. On appeal to the Appellate Court that decree was reversed, the court holding the complainant in the cross-bill entitled to the first lien and remanding the cause to the circuit court, with directions to enter a decree accordingly. To reverse that judgment this appeal is prosecuted.

The material facts are not disputed, and, as shown by the master's report, are as follows: On the first day of March, 1892, Henry L. Rother, the owner of the lot, mortgaged it to Roland L. Morgan to secure his note for $1100, due three years after date, which mortgage was recorded on April 22 following. On the 24th of June following, Morgan sold and transferred the note, by endorsement, to appellee, the Elgin City Banking Company, and at the same time delivered to it the mortgage, but no formal assignment of the latter was made at that time nor until July 14, 1894, when Morgan executed and delivered to the bank a written assignment thereof, which was filed for record four days later. Soon after the execution of the mortgage Rother sold the premises to one Crawley, and on the first day of May, 1894, Crawley conveyed it to Emma L. Morgan, wife of the said Roland L. Morgan. The next day she, being joined therein by her husband, executed a second mortgage on the lot to one James F. Rogers to secure the payment of her note to him for $1000, and this mortgage and note were subsequently assigned to the appellant, Minnie Center, on May 5, 1894, the assignment being filed for record on the 31st day of the

same month.   Subsequently, on August 23 of that year,
Roland L. Morgan executed a release deed to Henry
Rother, releasing all interest acquired by him under the
first mortgage, and that release was recorded on the fol-
lowing day.   Interest on the mortgage held by appellant
not being paid when due, November 3, 1894, she, by vir-
tue of a clause in the mortgage authorizing her to do so,
elected to declare the whole sum of principal and interest
due, and filed her bill to foreclose, as before stated.

The first mortgage having been on record at the time
the second was taken, the holder of the latter took it
with notice of the former and *prima facie* held subject
to it.   (*Sargent* v. *Howe*, 21 Ill. 148; *Stiger* v. *Bent*, 111 id.
328; *Union Mutual Life Ins. Co.* v. *Slee*, 123 id. 57.)   This is
not denied by the appellant, but her contention is that by
the acts of the first mortgagee, Roland L. Morgan, that
mortgage, as against the holder of the second, was re-
leased.   The position is, that the failure of the bank to
place upon record an assignment of the Morgan mort-
gage subjected it to all the rights which might be main-
tained by the owner of the second mortgage against
Morgan himself, and that his acts in relation thereto
are binding upon his assignee, the bank.   As to the at-
tempted release by him on the 23d of August, 1894, the
position is untenable, for the reason that at the time the
assignment by him was upon record, it having been exe-
cuted in writing on the 14th of the previous July and
recorded on the 18th of the same month.   At least from
and after that date he could do no act to the prejudice
of his assignee, all parties being chargeable with notice
of the assignment thereafter.   Whether, in the absence
of the recording of that assignment, the mortgage debt
under the first mortgage not being due, the holder of the
second lien would have been chargeable with notice of
the rights of the bank, under the rule announced in *Keo-
hane* v. *Smith,* 97 Ill. 156, it is unnecessary to consider and
determine.

It is again insisted on behalf of the appellant, that the second mortgage, containing full covenants of warranty, operated as a release of the first by Roland L. Morgan, who, as the record showed, was then the holder of the same. It will be seen, however, that the title to the property was then in Emma L. Morgan and she was the mortgagor in the second mortgage, the language of the conveyance being, "Emma L. Morgan and Roland L. Morgan (her husband) mortgage and warrant to," etc. The instrument upon its face does not purport to affect the rights or interest of Roland L. Morgan in the property, except as to his inchoate right of dower. A husband who joins with his wife in a conveyance of her real estate merely for the purpose of releasing his dower is not liable upon the covenants contained in the deed. (*Strawn* v. *Strawn*, 50 Ill. 33; *Sanford* v. *Kane*, 133 id. 199.) We are clearly of the opinion that, in the absence of an express release of the first mortgage in the second, the latter cannot be construed as having that effect or being so intended.

We think the Appellate Court properly held that the bank was entitled to priority of lien over the appellant, and its judgment will accordingly be affirmed.

*Judgment affirmed.*

Mr. Justice Cartwright, dissenting:

When the mortgage owned and sought to be foreclosed by appellant was executed and assigned to her, and when the mortgage and assignment to her were recorded, the public records showed that Emma L. Morgan held title to the mortgaged premises, and Roland L. Morgan, her husband, held the mortgage now sought to be foreclosed by appellee. This mortgage was made to said Roland L. Morgan by Henry Rother, a former owner of the premises, and the note secured by it had been sold and assigned to appellee and delivered to it with the mortgage, but no assignment of the mortgage had been executed.

So far as appeared from the records Roland L. Morgan was still the owner. Mr. Sills represented the Morgans, and secured from appellant $1000 on the note and mortgage owned by her, representing it to be a first mortgage. It was made to Rogers for convenience and assigned by him. The note secured was the joint and several note of said Emma L. Morgan and Roland L. Morgan, and the mortgage was executed by both of them. There is no reservation on the part of Roland L. Morgan and the conveyance is not limited to his inchoate right of dower, but the mortgage is in every respect sufficient to pass whatever estate, title or interest, legal or equitable, he had in the premises. Such was the effect of the conveyance. (*Donlin* v. *Bradley*, 119 Ill. 412.) The fact that his name was placed after that of his wife and he was described as her husband will not justify a holding that he only waived dower when he had a further estate in the premises. (*Lake Erie and Western Railroad Co.* v. *Whitham*, 155 Ill. 514.) So far as the public record showed he did have the further estate of a mortgagee in the premises conveyed. Appellant was justified in dealing with him as being the owner of the first mortgage, and between appellant and his secret assignee the case must be decided as though he were in fact the owner seeking to enforce his mortgage as a prior lien. It seems to me that his assignee, standing in his shoes, is precluded from asserting rights superior to those of appellant. There was no presumption of law that he had transferred the note or mortgage, and the agent of the Morgans represented that appellant's mortgage would be a first lien. Appellant had no actual notice of the rights of appellee, and I think she had a right to rely on the record. (*Ogle* v. *Turpin*, 102 Ill. 148.) Appellee might have protected itself by taking an assignment and having it recorded, but negligently failed to do so.