Servias Sondag, Jr., Appellant, v. David E. Keefe and
Tillie Keefe, Appellees.

October term, 1928. Heard in this court at the October term, 1928. Opinion filed February 1, 1929.

MAURICE V. JOYCE, for appellant.

POPE & DRIEMEYER, for appellees.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellant sued to recover for a breach of a covenant against incumbrances. Appellees filed certain pleas to which demurrers were interposed. The court sustained demurrers to some of the pleas and overruled those to the second, sixth, seventh and additional pleas. Appellant elected to stand by his demurrer to those pleas and the court entered judgment in bar of the action and for costs.

The second, sixth and additional pleas present the same defense and are substantially as follows: They aver that appellant employed one D. L. Morgan as his agent to sell certain real estate in East St. Louis; that appellee, David E. Keefe, was the owner of the real estate described in the declaration; that said Morgan, on March 1, 1925, proposed to sell appellant's property to the said David E. Keefe for $26,000, and to take as part payment therefor the real estate of the said Keefe at the sum of $6,000; that said Morgan further proposed that he would secure certificates of title from the St. Clair Guaranty & Title Company at Belleville to both parcels of real estate and that the deal should be completed within sixty days; that if the certificate of title showed a merchantable title to the respective parcels of land deeds should be made and delivered.

The pleas further averred that the said Morgan secured a certificate of title covering the property owned by the said Keefe from the said Guaranty & Title Company; that he told the said Keefe that he had examined the certificate and that it showed that Keefe's property was free and clear of all liens, and that the title as shown by the said certificate was satisfactory to appellant; that the said Keefe examined the said certificate of title and that it showed that his property was free and clear of all liens; that appellees believed that the said certificate of title showed the true condi-

tion of the title of Keefe's property and that appellees had no knowledge of any lien for unpaid taxes or special assessments and that relying upon the statement of the said Morgan and upon the certificate of title aforesaid, the said Keefe then and there agreed to purchase appellant's property upon the terms and conditions above set forth and that on April 23, 1925, appellees executed the deed set out in the declaration and paid appellant the balance of the purchase price and received a deed for appellant's property; that the said Keefe would not have closed the deal except for the certificate of title so furnished to him by Morgan, and the statement of said Morgan, as agent of appellant, that the title shown by the certificate would be satisfactory to appellant; that by reason of the premises aforesaid appellant is estopped and precluded from claiming damages, etc.

We are unable to discover anything in the pleas that would amount to an estoppel. They clearly show that appellant wanted a good merchantable title; that the certificate of title showed that the property of Mr. Keefe was free and clear of all incumbrances; that appellant would be satisfied with such a title and that Mr. Keefe was willing to give him a title free and clear of all incumbrances.

The obligation of a covenant does not depend upon the knowledge, or want of knowledge, of the parties to a deed. *Lloyd v. Quimby,* 5 Ohio St. 262. The fact that a purchaser may have actual knowledge of an incumbrance does not relieve the vendor of his liability upon the covenants contained in his deed. Such knowledge on the part of the purchaser does not operate as a release or discharge of a covenant. *Beach v. Miller,* 51 Ill. 206; *Weiss v. Binnian,* 178 Ill. 241.

The burden is on a grantor who seeks to escape from a liability on his covenant to show that his grantee accepted the title notwithstanding the defect, and *cum*

*onere.  New York & Cleveland Gas Coal Co. v. Graham,* 226 Pa. 348, 75 Atl. 657.

The pleas do not even attempt to show that appellant agreed to take the title subject to taxes and special assessments.  On the contrary they show that appellant wanted, and appellee was willing to give him, a title free and clear of all incumbrances.  The deed as executed was in accordance with the agreement of the parties insofar as the same is disclosed by the pleas.

The seventh plea sets up that there was a universal custom prevailing in East St. Louis that where a person sold real estate with a condition that a certificate of title would be furnished the purchaser and such a certificate was furnished and it subsequently turned out that the certificate was incorrect, the purchaser must bear the burden of the error and look to the abstracter for redress, etc.  The deed set out in the declaration is a statutory warranty deed.  The statute provides that such a deed shall be deemed and held a conveyance in fee simple with certain covenants, including a covenant that the premises were then free from all incumbrances, and that such covenants shall be as obligatory upon the grantor as if they were written at length in such deed.  The law is well settled that a usage or custom cannot be proven for the purpose of evading the express provisions of a contract or a statute.  That proposition is so well settled that it is unnecessary to cite authorities.

While the sufficiency of the fourth plea is not presented on this appeal, yet we deem it best to refer to it.  That plea is a separate plea by the wife of David E. Keefe and is to the effect that she never had any interest in the property conveyed to appellant except an inchoate right of dower, etc.  A wife who joins in the conveyance of her husband's property for the purpose of releasing her dower is not liable upon the covenants contained in the deed.  *Center v. Elgin City Banking Co.,* 185 Ill. 534; *Warner v. Flack,* 278 Ill. 303.

We are of the opinion that the second, sixth, seventh and additional pleas presented no defense to the action and the court erred in overruling the demurrers thereto. The judgment is reversed and the cause remanded with directions to sustain the demurrers.

*Reversed and remanded with directions.*