**David E. Keefe, Appellant, v. Servias Sondag, Jr., Appellee.**

Heard in this court at the February term, 1930. Opinion filed May 21, 1930.

PHILIP G. LISTEMAN and HAROLD J. BANDY, for appellant.

MAURICE V. JOYCE, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee sued appellant to recover for the breach of a covenant against incumbrances contained in a

warranty deed. In that action appellant filed certain pleas to which appellee demurred and the demurrer was overruled. Appellee elected to stand by his demurrer and the suit was dismissed at his costs. On appeal to this court we held that the pleas presented no defense to the action and the judgment was reversed; *Sondag v. Keefe,* 251 Ill. App. 378.

After the cause was redocketed in the trial court, Mr. Keefe filed a bill in equity to enjoin the prosecution of the action at law. His bill contains substantially the same averments as were in the pleas which were held insufficient to defeat appellee's cause of action. Upon the filing of the bill appellant procured an injunction and appellee entered a motion to dissolve the same for want of equity on the face of the bill. The motion was allowed and appellee then filed a suggestion of damages and evidence was taken in open court on the part of appellee. Appellant offered no evidence. The court found that appellee was entitled to an allowance of $150 for his solicitor's fees in procuring the dissolution of the injunction. A decree was rendered dissolving the injunction and awarding appellee the damages aforesaid. On motion of appellee the court then dismissed the bill for want of equity.

The bill does not state a cause of action. It does not show that appellant has any defense whatever to the action, the prosecution of which was temporarily enjoined. Appellee was entitled to a reasonable solicitor's fee in procuring the dissolution of the injunction; *Marks v. Columbia Yacht Club,* 219 Ill. 417. The undisputed evidence in the record is that $150 would be a usual and customary fee for the services rendered in that regard. Appellant did not see fit to offer any evidence to the contrary and is in no position to complain. No reversible error has been pointed out and the decree is affirmed.

*Affirmed.*