The Union Central Life Insurance Company of Cincinnati, Ohio, Appellee, v. Robert M. Cooper, Appellant.

Gen. No. 8,545.

Heard in this court at the October term, 1931. Opinion filed February 1, 1932.

W. O. Harp, L. A. Mehrhoff and W. B. Strang, for appellant.

Brown, Hay & Stephens and Funk & McKeene, for appellee; Paul W. Gordon, of counsel.

Mr. Justice Shurtleff delivered the opinion of the court.

This suit is brought in equity to foreclose a mortgage upon 125 acres of land in Scott county. Charles M. Cooper and Mabel Cooper, his wife, on December 1, 1923, owned the lands in tenancy in common. On that day they executed a note in the following form:

$8,000 Winchester, Illinois, December 1, 1923. On October 1, 1934, for value received I promise to pay to the order of the Union Central Life Insurance Com-

pany of Cincinnati, Ohio, Eight Thousand and 00-100 Dollars, at the Home Office of said Company in Cincinnati, Ohio, with interest thereon at the rate of $5\frac{1}{2}$ per centum per annum from date, payable on October first of each year until maturity and 7 per centum per annum after maturity, until paid. (Provides for reasonable attorney's fees placed in hands for collection and expenses of collection, etc.) Charles M. Cooper. Mabel Cooper.

They also executed other coupon interest notes in similar form. At the same time to secure said notes Charles M. Cooper and Mabel Cooper executed a mortgage in the following form:

The Mortgagors, Charles M. Cooper and Mabel Cooper, his wife, of Scott County, Illinois, mortgage and warrant to The Union Central Life Insurance Company, mortgagee, a corporation organized under the laws of Ohio, having its principal office in Cincinnati, Ohio, the following described real estate, situated in the County of Scott in the State of Illinois, hereby releasing and waving all rights under and by virtue of the homestead exemptions laws of this State, to wit:

The South 30 acres of the Northeast Quarter of the Southwest Quarter (S. 30 A. of $NE\frac{1}{4}$ $SW\frac{1}{4}$); the South 15 acres of the West Half of the North-West Quarter of the Southeast Quarter (S. 15 A. of $W\frac{1}{2}$ $NW\frac{1}{4}$ $SE\frac{1}{4}$); the Southeast Quarter of the Southwest Quarter ($SE\frac{1}{4}$ $SW\frac{1}{4}$) and the Southwest Quarter of the Southeast Quarter ($SW\frac{1}{4}$ $SE\frac{1}{4}$), all in Section Twenty-six (26), Township Fourteen (14) North, Range Twelve (12) West, containing 125 acres, more or less.

Together with the rents, issues and profits. To secure the payment of a debt evidenced by certain promissory notes of even date herewith signed by Charles M. Cooper and Mabel Cooper, mortgagors, and payable to the mortgagee, at its Home Office in

Cincinnati, Ohio, more fully described as follows: One certain promissory note for the principal sum of $8,000 payable on October 1, 1934, with interest at 5½ per cent from date to maturity and 7 per cent per annum on principal after maturity and 7 per cent per annum on interest after maturity until paid, interest to maturity being evidenced by interest notes. Mortgagors covenant and agree to pay all taxes, assessments and charges which may be hereafter become a lien, also all taxes on notes or debt secured hereby providing said latter tax does not exceed the maximum permitted by law to be paid; to keep said real estate, buildings, fences and other improvements in good condition and repair, to permit no waste, no cutting of timber except for fences, to keep the buildings insured, to pay a reasonable attorney's fees, expenses of Continuation of Abstract, and in case the note is placed in the hands of an attorney for collection to pay all fees and expenses and on failure to pay when due any note hereby secured, failure to comply with any of the agreements hereof shall cause the whole indebtedness to become due and collectible immediately or on demand at the option of the mortgagee, without notice. Dated December 1, 1923.

Signed by Charles M. Cooper and Mabel Cooper.

Acknowledged before Geo. W. Hogan, Master in Chancery of Scott County, Illinois, on Jan. 8th, 1924. Filed for record Jan. 19, 1924, and recorded in Book 16, R. E. M., page 517.

After the execution and delivery of said notes and mortgage, the said Charles M. Cooper died intestate and his administrator and heirs at law are made parties defendant to this bill.

It is further shown that since the execution of said mortgage deed and after the death of her husband, the said Mabel Cooper, by a warranty deed conveyed her undivided one-half interest in said lands to appellant, Robert M. Cooper. It is stipulated in the record

that at the time said mortgage was given, appellee knew the title to said lands was held in tenancy in common by the mortgagors.

Appellant, Robert M. Cooper, answered the bill, denied that Mabel Cooper, his grantor, was indebted upon the said notes, and denied that it was the intention of the parties that the undivided one-half interest in said lands owned by Mabel Cooper, the wife, should pass by said mortgage; but contended that the said Mabel Cooper signed said mortgage deed merely to release her dower and homestead rights in the portion of said lands owned by her husband, Charles M. Cooper.

The consideration for the notes and mortgage deed was shown to be a check in the sum of $8,000 made payable to Charles M. Cooper and Mabel Cooper, which was paid and personally indorsed by each of them and no other knowledge is shown on the part of appellee as to the purpose or interest of said loan.

There was a decree of foreclosure in said cause, and all interest in said lands held subject to the payment of the mortgage debt. Appellant has brought the record to this court by appeal for review.

Numerous cases are cited by counsel on both sides as to the construction of deeds and appellant contends that the rule is: "In order that a deed of husband and wife, which is otherwise unobjectionable, may operate to transfer the title of both, it is necessary and sufficient that both be named in the deed as grantors, and that the body of the deed contain apt words indicative of an intent on the part of both to grant and convey." Practically all of the cases cited by appellant are cases where either the husband or the wife owned the entire fee of the lands. In the mortgage deed in question, each of the mortgagors join in each and every covenant in the deed and under sections 9 and 11 of chapter 30 of the Revised Statutes (Conveyances) Cahill's St. ch. 30, ¶¶ 9, 12, said conveyance, by each mortgagor

"shall be deemed and held a conveyance in fee simple to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed."

The decree of the circuit court could be affirmed without going further. The mortgage deed fully comprehends all facts set out in appellant's rule of construction. The instrument names Mabel Cooper as one of the mortgagors and the body of the deed, by apt words, indicates her intent to convey, if she was the owner of any portion of the fee. The deed goes further and shows that Mabel Cooper was one of the debtors for whose debt the instrument was given to secure. The record shows that said Charles M. Cooper and Mabel Cooper "who were husband and wife," owned the real estate conveyed by said mortgage, as "tenants in common" in equal shares and the said consideration in said deed by which Charles M. Cooper and Mabel Cooper acquired title to said real estate was one dollar and other good and valuable consideration. We have searched the record in vain for a copy of this deed. Without doubt the lands were conveyed to "Charles M. Cooper and Mabel Cooper, his wife, as tenants in common," in which case the words, "his wife," would be merely *descriptio personae*. In any event, Mabel Cooper, being one of the debtors and one of the mortgagors and joining in all of the covenants

as to the lands conveyed, must have intended to con-- vey her own interest in the lands. Whether the covenants made by Mabel Cooper in the deed applied to the portion of the lands owned by her husband, Charles M. Cooper, does not arise in this case, but from all the facts before us, it would be as reasonable to conclude that the debt and mortgage was the debt and mortgage of Mabel Cooper, and that Charles M. Cooper signed the instrument merely to release his dower and homestead right in his wife's lands as to adopt appellant's construction of the deed. There is no doubt about the construction contended for by appellant, in a proper case, where the wife had no interest in the fee of the lands, but the facts in this case do not bring the case within the rule. Neither are the cases cited and relied upon of much enlightenment to the court. *Strawn v. Strawn,* 50 Ill. 33; *Sanford v. Kane,* 133 Ill. 199; *Warner v. Flack,* 278 Ill. 303, and *Center v. Elgin City Banking Co.,* 185 Ill. 534, cited by appellant, are all cases where the wife or husband had no interest in the fee of the lands, and the construction of the deeds was that the wife or husband signed merely to release dower and homestead right and were not bound by the other covenants in the deed.

In the case of *Center v. Elgin City Banking Co., supra,* the litigation was over the priority between two separate mortgages, the first having been transferred to The Elgin City Banking Company, but no assignment of mortgage had been placed on record. Later the fee of the lands mortgaged came into the ownership of the wife of the first mortgagee and she and her husband gave a second mortgage. The cause being in equity, it was properly held that the covenants in the second mortgage by the husband, who had no interest in the fee of the lands, did not estop the foreclosure of the first mortgage or cause it to lose priority.

Appellees cite *Lake Erie & Western R. Co. v. Whit-ham,* 155 Ill. 514. This was an ejectment suit. Harriet M. Hutchinson, being one of the heirs of Johnston, with her husband, had given one of the deeds in question to make up plaintiff's title. The court held on page 520: "Harriet M. Hutchinson is one of the heirs of Johnston, and one of the deeds offered in evidence purports to be executed by Joseph M. Hutchinson and Harriet M., formerly Harriet M. Johnston, his wife, party of the first part, to the plaintiff, party of the second part, and in which the party of the first part, for a certain consideration therein mentioned, convey and quitclaim to the party of the second part all interest in the land in question. It is objected that because the name of the wife is placed after that of her husband it will be intended that she joined with her husband merely for the purpose of waiving her dower, and not for the purpose of conveying her estate. It is sufficient to say that, even if such intendment could arise under other circumstances, it is completely negatived here by the very terms of the instrument, since she appears in the deed as one of the parties conveying and quitclaiming all interest in the land. To hold otherwise would do violence to the express language of the deed."

This is further authority in the case at bar that the mortgage deed executed by Mabel Cooper can as well be construed as the deed of Mabel Cooper, and that her husband signed merely to release his dower and homestead rights as to adopt appellant's construction to the contrary. Both husband and wife owned the lands in question, both were obligated for the mortgage debt, and both husband and wife joined in all of the covenants in the deed and the circuit court of Scott county did not err in the entry of the decree. Accordingly, the decree of the circuit court of Scott county is affirmed.

*Affirmed.*